# SUPREME COURT.

## CHRISTIAN F. A. DAMBMAN agt. HERMAN SCHULTING.

*An equitable action, to set aside a release for fraud pleaded in answer to another action, dismissed.*

Where the plaintiff, by his complaint, shows that he had heretofore commenced an action against the defendant to recover a sum of money, and the defendant had set up as a defense, a release under seal, which the plaintiff alleged was obtained by fraud, and asked to have the court adjudge it fraudulent, and that it be delivered up and cancelled, &c.:

*Held*, that the universal course of practice since the Code, has been to compel the parties to litigate every question pertaining to the same subject-matter in one action.

The release set up in the defendant's answer can be attacked upon the trial of that cause for the fraud set up in the complaint in this action, and it must be attacked there, that action having been commenced first.

*Special Term, February,* 1874.

THE complaint in this action states that the plaintiff loaned to defendant $5,000, which is unpaid. That the plaintiff, in June last, brought his action in this court, to recover the said $5,000, and that the defendant, in his answer, set up a release under seal as a defense, and that this action is still pending.

The plaintiff further states that the said release was obtained from him by fraud, &c., and demands judgment that said release be delivered up and canceled, and that the defendant be enjoined from setting the same up in above mentioned action. The defendant demurs to this complaint, upon the ground that another action is pending between the same parties for the same cause.

*C. Bainbridge Smith*, for defendant.

*William Watson*, for plaintiff.

Dambman agt. Schulting.

VAN BRUNT, J.— Since the adoption of the Code parties have had the right, in actions at law, to interpose any equitable defense they may have, and are not obliged to file a separate bill in the equity branch of the court, as they were obliged to do under the former practice.    The object of this provision of the Code being to prevent multiplicity of actions (*Dobson* agt. *Pearce*, 2 *Kern*., 165).    The plaintiff seems to fear that in case he goes to trial in the first action that he, not being permitted to reply to the answer setting up the release, will be prevented from showing the facts alleged in the complaint in this action, but I think that he is clearly in error. Up to the year 1853 the Code required a reply to all new matter constituting a defense or set off set up in the answer, and it was not until the amendment of that year that the necessity of a reply was limited to new matter constituting a counter-claim.

The result of this amendment was that the plaintiff, upon the trial without a reply, could prove any state of facts whatever which would, either in law or equity, show that the new matter set up in the answer of such new matter did not constitute a counter-claim, did not constitute a defense to the plaintiff's claim.

In 1860 the Code was amended by providing that the court could, in its discretion, upon the motion of the defendant, require a reply to any new matter constituting a defense by way of avoidance.    This amendment was passed in the interest of the defendant, in order that he might be apprised of the grounds upon which the plaintiff proposed to meet his defense.    The universal course of practice since the Code, has been to compel the parties to litigate each and every question pertaining to the same subject-matter in one action.

The release set up in the defendant's answer can be attacked upon the trial of that cause for the fraud set up in the complaint in this action, and it must be attacked there, that action being commenced first.

Demurrer sustained with costs.