Per Curiam [Van Brunt, P. J., Brady and Daniels J.J].
There seems to be ho good reason shown upon the papers presented on this record for requiring a reply to the answer herein, unless the rule is to be adopted that the court will require a reply to any new matter set up by way of defense.
The allegations as to the proceedings of the court in Illinois can be easily proven, if ■ true, by an exemplified copy of the record in that court, and no reply should be required.
The defense of the statute of limitations is one which the defendant must establish for himself, and the plaintiffs cannot be called upon to lend their assistance to him, or to aid him in the performance of that task.
*120 The case of Watson v. Phyfe,* which seems to be relied upon as an authority for the granting of the motion in this action, presented features entirely different from those existing in the case at bar.
In that case, upon various grounds essentially different in their nature, the averments of the answer might be attacked, and the court held that the defendant should be informed of these grounds by a reply.
In the case at bar, the effect of the alleged adjudications in Illinois must depend upon the record of the proceedings in that State and the laws applicable thereto; and of this fact the defendant is perfectly aware, and cannot, therefore, be surprised by the introduction of some new and unexpected reply to his defense.
The order appealed from should be affirmed, with $10 costs and disbursements.
Note on Pleading in avoidance of a defense by ' REPLY, VOLUNTEERED OR COMPELLED, OR BY AVOIDANCE IN THE COMPLAINT OF AN ANTICIPATED DEFENSE.
At common law and under the earlier chancery practice, new matter contained in a plea was brought to issue only by a replication; and if the plaintiff designed to prove anything in avoidance of such new matter, the replication was special, stating the facts in avoidance.
The prolixity in pleading which resulted—naturally greater in chancery than at common law—led to the disuse of special replications in the English chancery, plaintiff being allowed to amend his bill so as to set up the' same matter in avoidance which otherwise would have required a special replication. The United States supreme court rules in equity adopted this practice and forbade special replications. The usual provisions in the Codes of Procedure adopt the same principle for all actions, and, with the exceptions hereafter noticed, abolish replications, not only general replications as a formality for joining issue, but also special replications as a disclosure of grounds for avoiding new matter set up as a defence in the answer ; so that under the blew Procedure, when a defendant serves an answer setting up new matter in defense and goes to trial, his allegations are on the one hand traversed by the statute, without any actual denial, but on the other hand, *121 plaintiff may prove anything whatever in avoidance of such new matter, and defendant has no right to object on the .ground of surprise. Two qualifications of this general rule are made by the Codes, one absolute, and the other discretion•ary with the court:
1. If it is shown that defendant is embarrassed in his preparation for trial by being left in the dark as to what avoidance plaintiff relies on for meeting defendant’s defense, the court will require plaintiff to put in a reply which will state, and therefore limit the subjects of proof :
2. If the answer sets up new matter as a counterclaim, that "is to say, as a ground of affirmative relief against the plaintiff, 'the allegations of the counterclaim are treated like the allegations of a complaint, as having been admitted if not denied, ¡and a reply is necessary in order to deny them.
The Code adopted the general principles of equity pleading :as the basis of pleading under the new system and abolished replications, but did not expressly prescribe any rule as to matter in the complaint in avoidance of an anticipated ■defense.
In equity, such matter was first stated in the charging part of the bill; by later practice it was allowed as proper in ■the narrative part of the bill.
Every equity practitioner is familiar with the convenience ■of thus narrowing the issue which defendant might otherwise raise.
The Codes, however, by making a complaint sufficient which states facts sufficient to constitute a cause of action, ■departed from the equity rule that the bill must state by amendment, if not originally, an avoidance of the defense, but substituted the rule that the court may require a reply in its discretion.
The practice of amending so as to bring into the complaint matter of evidence was repeatedly sanctioned under the Code in the earlier cases before it was as well settled as now that plaintiff may prove any facts constituting a common law avoidance of new matter in defense, although not pleaded by him *
*122 The results are these : 1. If plaintiff’s complaint discloses1the existence of a defense it must also contain matter in avoidance of that defense.
2. Plaintiff is not bound to plead any common law avoidance of an anticipated defense not disclosed by his own complaint. He may state facts as his cause of action, although he knows defendant has an apparent answer to them, and may-reserve his avoidance of that answer till the trial, provided that avoidance does not require affirmative equitable relief" against the matter set up as a defense; in other words, provided it is a good avoidance at common law.
The cases are not agreed as to whether an equitable avoidance is thus available without pleading. The later cases favor-the rule that if- there is an obstacle to recovery which cannot be avoided except by equitable relief, the plaintiff should frame his action as an equitable one, and allege his avoidance and ask relief against the matter of defense thus to be avoided.
3. If plaintiff does not indicate by his pleading how he intends to avoid a defense, and defendant can show that the facts of his defense are clear and that he is embarrassed in preparation for trial by being left in the dark as to how plaintiff will endeavor to avoid their effect, the court may compel plaintiff to reply, and, of course, confíne his avoidance-on the trial to the matters alleged in the reply.
4. Plaintiff may, if he choose, allege in his complaint an-avoidance of an anticipated defense, even though it be an avoidance good at common law and therefore not necessary to be alleged.
This conclusion has been contested, and while the weight of reason and authority is in its favor, it is to be taken with the important qualification that if defendant does not plead the anticipated defense, the allegations intended in-avoidance are left without pertinence, are not admitted by not being denied, and are so much surplusage. Hence, if defendant disavows intent to plead that defense, he could move to strikeout the anticipated avoidance.
If, however, defendant does plead the anticipated defense,, he makes the allegations in avoidance material, precisely as in the case of pleading in equity, and he must deny them or they will stand admitted.
This rule, it will be seen, does not rest directly on any provision of the Code, but on the old practice and reasons of" *123 convenience which favor allowing the parties to narrow as much as they will the issues to be tried.*
In view of these principles the usual policy of counsel in framing the pleadings in such cases is this :
If an anticipated defense will require equitable relief, allege-the facts in avoidance and ask that relief.
Where an anticipated defense can be met by a common law avoidance and needs no equitable relief, then if it is expected that defendant will go to issue in any case and contest a recovery, frame the complaint as if the defense did not exist, and reserve the avoidance until trial; but if the defense is supposed to be the only one, and defendant cannot under oath deny either the cause of action or the avoidance, allege the matter in avoidance in the complaint, and then if he pleads, that defense he must admit or deny the matter in avoidance.
Notes of Oases on Reply under the Code.
I. Requiring Replyi
II. Contents of Reply.
I. Requiring Reply.

Plaintiff not entitled to leave to reply.

In McDonald v. Davis, 1 Month. L. Bul. 20, it was held that when; a reply is not necessary it cannot be ordered on plaintiffs application^ and the defendant compelled to receive it. »

All avoidances of new matter which does not constitute a counterclaim may be proved though not pleaded.

Arthur v. Homestead Fire Ins Co., 78 N. Y. 462. Action to recover-for a loss by fire of property belonging to plaintiff and insured by defendant. Defendant answered that the policy of insurance was void for the reason that plaintiff gave false answers to certain questions set forth in the application concerning the amount of incumbrances upon the property, and omitting to specify a certain mortgage thereon. Plaintiff offered to prove that defendant’s agent, who made out the application, was informed of the mortgage and by mistake omitted it.— Held, upon appeal reversing a judgment in favor of plaintiff, that a *124 ■defense consisting of new matter, not constituting a counterclaim, is deemed controverted; and plaintiff, without pleading, may traverse or avoid it, and is entitled to the benefit of every possible answer to it, the .same as if pleaded; for that purpose the proposed evidence, being admissible under the principles either of law or equity, takes the place ■of pleading.
Keeler v. Keeler, 102 N. Y. 30. Action to foreclose mortgage. The ■■complaint contained the ordinary averments for foreclosure of a mortgage on land. The answer of defendants, other than the mortgagors, alleged that the mortgagors held as tenants under a perpetual lease, -and the title of the lessor having become vested in said defendants, they brought ejectment for non-payment of rent, recovered judgments, and under writs of possession issued thereon, the mortgagors were dispossessed and possession was delivered to them, whereby plaintiff’s mortgage was cut off. Plaintiff claimed that the pretended execution of the writs of possession was collusive and fraudulent, being designed to ■wrongfully deprive plaintiff of the lien of her mortgage. The trial court decided that this question could not be considered as there was no averment of collusion or fraud in the complaint.—Held, upon appeal, error. That the complaint was purely and simply for the foreclosure of the mortgage. All the allegations with respect to the proceedings in ejectment came from the defendants, and the plaintiff had the right to give evidence on the trial, for the purpose of avoiding the new matter set up as a defense of any facts which might have been pleaded by way of reply when that pleading was in use.
Dambman v. Schulting, 4 Hun, 50; affirming 51 How. Pr. 337. Action to set aside release, on the ground of defendant’s fraud in its procurement. It appeared by the complaint, that a preceding action had been brought for the recovery of the debt, and the release had been there pleaded as a defense. For that reason a demurrer in the present action was sustained.—Held, upon appeal from an order sustaining the demurrer, that a reply was not necessary to enable plaintiff to show that the release was fraudulently procured. The fraud might be proved by evidence on the trial. That the provision of the Code, that the allegation of new matter in a reply is deemed t„o be controverted by the ■adverse party, is so broad that it secures to plaintiff every possible • answer to a defense, as fully as though it were alleged in the most complete and artistic form.
Maricle v. Brooks, 21 State Rep. 534; s. c., 5 N. Y. Supp. 210. Action to recover pay for services rendered. The complaint counted on a contract for labor and services. The answer set up a settlement and discharge as a defense, and plaintiff was allowed to prove that these were *125 obtained by fraud and duress.—Held, upon appeal from a judgment in plaintiff’s favor, that this did not constitute a counterclaim and required no reply.
— e. g., fraud inprocuring execution of instrument pleaded as a justification.
Chambooet v. Cagney, 35 Super. Ct. (J. & S.) 474. Appeal from, a judgment in favor of plaintiff, and from an order denying a new trial. The complaint set forth, among other things, that defendant wrongfully-converted to his own use certain personal property belonging to plaintiff. The answer put in issue the allegations as to the conversion, and alleged that defendant leased to plaintiff a certain house, and that to-secure the due payment of the rent thereof, plaintiff gave to defendant a mortgage upon personal property, which plaintiff covenanted should1 be placed in the house rented, and should not be removed without defendant’s consent. That plaintiff did remove the property referred to, whereupon defendant took the property, under the mortgage, and sold the same. Plaintiff was allowed to prove upon the trial that he had been induced to sign the mortgage containing such covenant by fraud.—Held, that defendant having justified under a written instrument, and plaintiff not being entitled to reply, as of course, the existence of the instrument might be deemed fully at issue without a reply ; and that plaintiff might prove that it contained a clause not agreed to, and that he was induced to sign by fraud, as if the instrument had been declared on and the answer had denied making it.

Uncalled for reply may be struck out on motion.

In Devlin v. Bevins, 22 How. Pr. 290, if new matter set up in the-answer does not constitute a counterclaim, but only a defence, it is to- \ be deemed controverted by the adverse party, as upon a direct denial or avoidance, as the case may require, and if plaintiff serves a reply it may be struck out on motion. [The report does not state the facts.]
Dillon v. Sixth Ave. R. R. Co., 46 N. Y. Super. 21. Plaintiff sued to recover damages sustained through defendant’s negligence. Defendant set up as a distinct defense that plaintiff had released the cause of action. Plaintiff replied that the release was obtained by fraud and undue influence, and without consideration. Defendant moved to strikeout the reply, on the ground that none is necessary or allowed. The court denied the motion, without costs, as the question was new.—Held, upon appeal, that as the reply was served without any application of the court for direction or leave to make it, so that it was not founded on any exercise of the discretion of the court, or on the application of defendant, as provided by Code Civ. Pro. § 576, the motion should have-been granted, and the order denying the motion was therefore reversed.
*126 — but not demurrable.
Avery v. N. Y. Central, etc. R. R. Co., 6 N. Y. Supp. 547. The complaint stated two cases of action in different courts : The first to recover damages for a failure to maintain an opening in a fence; the second to recover damages for the maintenance of a nuisance. The answer, among other defenses, pleaded the statute of limitations and the recovery •of judgments for the same cause of action. Plaintiff served a reply, and defendant demurred.—Held, upon appeal from an order sustaining the demurrer, that as the allegations of the answer did not constitute a counterclaim, no reply was needed, and as no order authorizing such •reply was obtained, as provided by Code Civ. Pro. § 516, the same might be set aside on motion. But the court would not entertain it for the purpose of determining its sufficiency to resist a demurrer, and the demurrer therefore should be set aside.

Mere set-off not a counterclaim.

American Dock & Improvement Co. v. Staley, 40 Super. Ct. (J. & S.) 539. The complaint contained two cases of action—one alleging an agreement by defendant to pay for wharfage certain specified prices, the •other alleging an agreement by defendant to pay for wharfage so much ■as the same should be reasonably worth. The answer set up an agreement, alleged a breach thereof, and that thereby defendant suffered ■damage amounting to three hundred dollars and prayed that the same might be set-off against any sum allowed to plaintiff.—Held, upon appeal, that defendant was entitled to judgment on the ground that an answer set up a counterclaim to which there was no reply.—Held, that no counterclaim was stated, but simply a set-off, and such a defense needs no reply.
■ Demand for payment because of payment or satisfaction, not a •counterclaim.
Bates v. Rosekrans, 4 Abb. Pr. (N. S.) 511. The complaint declared upon a joint and several promissory note given by defendant to plaintiff. The answer set up, among other things, that the note sued upon arose out of partnership transactions; that defendant upon dissolution of the partnership had agreed to pay plaintiff the amount of indebtedness of ■one B., who with plaintiff and defendant constituted the partnership, and that the note in suit was given therefor; that the amount of property turned over by B. to plaintiff more than'made up the indebtedness, and defendant therefore prayed judgment.—Held, upon appeal from -a judgment in favor of plaintiff, that the averment of the answer did not constitute a counterclaim, as it contained no expressions importing that defendant claimed to recover on it against the plaintiff, and that •therefore plaintiff was not bound to reply.

*127
Demand in answer to cancel instrument sued on, not a counterclaim unless so expressed.

Equitable Life Assurance Society of the U. S. v. Cuyler, 75 N. Y. 511. Foreclosure. Defendant set up in the answer that he was the equitable owner and in possession of the mortgaged premises when the mortgage was executed; that the mortgagor had contracted to sell to defendant, and the mortgage was given' to secure a usurious loan negotiated by defendant to enable him to make payment to the mortgagor; that the mortgagor deeded to W., at defendant’s request, subject to the mortgage, and that defendant held possession under a contract with W.; the answer asked that the mortgage be adjudged usurious and void, and that it be delivered up to be cancelled.—Held, upon appeal from judgment in favor of plaintiff, that the averments in the answer could only be considered as a defense, not a counterclaim, and no reply was necessary; that if intended as a counterclaim it should have been so characterized. That defendant is bound by his own definition of the answer and cannot at his own volition change the nature of the pleading which he has characterized, and by so doing may have misled the plaintiff.
Ward v. Comegys, 2 How. Pr. N. S. 428. Motion to strike out a reply on the ground that the defenses in the answer did not constitute •a counterclaim, and that the court had not directed service of a reply. The matters set forth in the answer were not characterized as counterclaims, but as distinct and separate defenses.—Held, that as defendant had not characterized the defenses as counterclaims, and was therefore estopped from claiming the same, plaintiff was not entitled to serve a reply.

Gross demand contracted to apply in part payment of plaintiffs ■demand is not a counterclaim, and is not admitted by non-reply.

Burke v. Thorne, 44 Barb. 363. Action for work, labor and services. The answer set forth that defendants, during the time of the performance of the labor, had paid divers sums of money to and for plaintiff, to apply in part payment for the services. It then claimed that plaintiff was indebted to defendants for the said sums, and 'alleged that defendants would insist upon the sums so paid as a counterclaim and demanded judgment for costs.—Held, that the answer did not set up a •counterclaim so as to require a reply, but that the facts pleaded constituted the defense of payment only, and that, therefore, although there was no reply, the whole answer did not stand admitted.

Gases for ordinary reply.

Brinkerhoff v. Brinkerhoff, 8 Abb. N. C. 207. Action for admeasTirement of dower. The complaint contained the usual allegations. *128 The answer set up that a decree of divorce was obtained by the deceased husband from plaintiff, whereby he was discharged from all duties and. covenants incident to the marriage. Defendant moved to compel plaintiff to reply to the new matter in the decree of divorce, in order that defendant should be apprised of the way in which plaintiff proposed, to avoid or overcome the decree of divorce.—Held, that the motion should be granted.
Schwan v. Mutual Trust Fund Life Assoc., 9 Civ. Pro. R. 82. Plaintiff sued to recover on a policy of insurance, issued by defendant, on the life of plaintiff’s husband, for certain benefits accruing upon the-death of the latter. The answer set up that the insurance was procured by the husband by making false statements and representations, and further that it had lapsed by reason of non-payment of an assessment.— Held, that a motion to require plaintiff to reply to new matter contained in the answer, made on the ground that defendant was entitled to know the way in which plaintiff proposed to avoid what defendant claimed to be a complete defense, should be granted.

If plaintiff must rely on a violation of statute not pleaded by Mm he may be required to reply, stating it.

Williams v. Kilpatrick, 21 Abb. N. C. 61. Action upon promissory notes against the survivor of an alleged general partnership. Defendant in his answer tacitly admitted the contract or liability, but denied that he was a general partner, and alleged that he was a special partner, and that all the requirements of the statute as to limited partnerships had been complied with. Defendant moved that plaintiff be required to reply.—Held, that where a violation of a statute is the basis of a pleading, the specific grounds should be pointed out; and that a reply was proper, in order to raise a precise and definite issue. The court being vested with a discretion would therefore require a reply.

If complaint suggests that plaintiff knows the avoidance relied on by-defendant, he map be required to reply, though defendant knows the ground of reply.

Hubbell v. Fowler, 1 Abb. Pr. (N. S.) 1. Motion to require plaintiff to reply. The complaint was upon a promissory note, to which defendant pleaded, first, the statute of limitations ; secondly, payment. The affidavit in support of the motion showed that the action was in fact begun more than six years after the maturity of the note sued upon, and that it was necessary for the proper defense of the suit that defendant’s counsel should be informed in what way plaintiff expected to-defeat the operation of the statute.—Held, that while the case was not one in which, under the Code, plaintiff was bound to reply, it was deemed a proper one in which to exercise the discretion of the court to compel. *129 a reply. That it was not generally essential that the defendant, in moving to compel such a reply, should state that he does not know the grdund on which the plaintiff intends to rely to defeat the bar of the statute.

Motion for reply must be prompt.

Sterling v. Metropolitan Life Ins. Co., 6 N. Y. St. Rep. 96. Motion by defendant to compel plaintiff to reply. Defendant waited until thirty-three days after answer was served before making motion, and in the meantime, joined in an argument of a motion made by plaintiff for a reference.—Held, that the failure of defendants to raise an objection that a reply was needful, when the motion for a reference was argued, was a waiver of such rights, and that a plaintiff has no right to reply where a reply is not necessary, unless directed by the court on defendant’s application.

Representative capacity of plaintiff no objection to requiring reply.

In McGin v. Torrens, 4 Month. L. Bul. 29, it was held, upon a motion for an order requiring plaintiffs to reply to new matter set up in the answer, that although plaintiffs were administrators, there would seem to be no good reason why they should not apprise the defendant of their answer to the new matter in question. That the defendant ought to know if there be any special answer to it, within plaintiff’s knowledge. And if there be not, plaintiffs would not be prejudiced by being required to ignore it.
II. Contents of Reply.

Reply may both deny and a/ooid.

De Valle v. Navarro, 21 Abb. N. C. 136. Demurrer to reply. The complaint alleged that defendants ageed to purchase certain notes given (by a company adjudged a bankrupt), under a composition agreement, and of which company plaintiff was a creditor. That a tender of the notes was made to defendants, but payment was refused. The answer denied the tender and demand, and as a separate defense, alleged that the agreement was void by reason of plaintiff’s false representations, and that plaintiff had ceased to be a creditor. The allegations were re-alleged on a counterclaim. The reply denied that plaintiff had ceased to be a creditor, that the agreement was void, and that he had made any false representations. New matter in avoidance was also set up in the reply.—Held, that the reply which denied the allegations of the counterclaim, did not, by setting up new matter in avoidance of it, admit those allegations.

Reply alleging only conclusion in addition to what was alleged in the answer.

Croome v. Craig, 53 Hun, 350; s. c., 6 N. Y. Supp. 136. Action *130 brought to obtain an accounting and distribution of the proceeds of property sold, in pursuance of a contract executed by defendants. The complaint stated that the contract was made upon the settlement of disputes concerning an account between the parties. Defendants, in their answer, alleged that errors intervened in the accounting, which they had discovered at a date therein mentioned, diminishing their liability under the agreement, and demanded that they should be allowed to prove these errors, and that certain amounts should be credited. By way of reply, it was alleged that defendants had delayed so long before attempting to correct the alleged errors, and had been guilty of such laches as not to be entitled to the consideration of a court of equity.— Held, upon appeal from a judgment overruling a demurrer, that as no fact whatever was inserted in that part of the reply that did not already appear from the complaint and answer, the judgment' should be reversed.

Reply cannot set up counterclaim to a counterclaim in an answer.

Cohn v. Husson, 66 How. Pr. 150. Action upon a promissory note. Defendant, besides pleading a defense to the note sued upon, set up a counterclaim against the plaintiff. Plaintiffs in their reply, after pleading a defense to said counterclaim, set up an independent counterclaim against defendant similar in amount to that pleaded by defendant.— Held, upon a motion by defendant to strike out such counterclaim as •unauthorized by law, that the same should be granted. That there was no warrant under the Code for pleading, in a reply, an independent counterclaim to a counterclaim set up by the defendant, and the ■Code has abolished the long series of successive pleadings possible at common law.

 20 Weekly Dig. 372.

 Chapman v. Webb, 6 Row. Pr. 390. Action for price of goods ; answer of credit unexpired; amendment setting up fraud in procuring credit allowed.
Hollister v. Livingston, 9 How. Pr. 140. Action on sealed note, .answer of usury ; amendment setting up original consideration. Objection, if any, held waived by retaining the amended complaint sixteen •days.
Thompson v. Minford, 11 How. Pr. 273. (Action on note; amend *122 ment alleging judgment recovered thereon in another State allowed, because, if not allowed, defendant might plead it in bar; and if allowed and the allegations as to the note stands out, defendant might plead-want of jurisdiction against the judgment.)

 Thus to meet an anticipated disproof or conflict of evidence as to-a material allegation of the cause of action, plaintiff may hypothetically allege matter of avoidance of defendant’s supposed version of the facts. See Everitt v. Conklin, 90 N. Y. 645, stated with other cases in 24 Abb. N. C. 841 (case 34), 855 (case 84).
The cases to the contrary may be found in 5 Abb. N. Y. Dig. new-ed. 93.