HOWARD S. JAFFRAY and Another, Appellants, v. CLARA KRAUSS, Formerly CLARA BURGER, Respondent.

*The accommodation indorser of a note is not a surety — demand of payment and notice of non-payment are necessary.*

The payee of a note who indorses the same for the purpose of giving credit to the maker does not thereby become a simple surety, although such indorser knows that the indorsement is asked for the purpose of giving credit to the maker upon the purchase of goods and that the note will be used for that purpose.

The complaint in an action brought to recover the amount of a promissory note is properly dismissed as against the indorser, where there is no allegation therein of presentment and demand of payment and notice to the indorser of such presentment and demand and of non-payment thereof.

APPEAL by the plaintiffs, Howard S. Jaffray and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 15th day of May, 1894, upon the dismissal of the complaint directed by the court upon a trial before the court and a jury at the New York Circuit.

*I. L. Miller,* for the appellants.

*J. B. Weil,* for the respondent.

Van Brunt, P. J. :

This action was brought to recover upon promissory notes made by one J. Burger to the order of Clara Burger, the defendant, and payable in the State of Illinois. The defendant indorsed the same as follows : " For value received I hereby charge my separate estate with the payment of this note." There was no allegation in the complaint of presentment, demand of payment and notice to defendant of such presentment, demand and non-payment, and the court below dismissed the complaint upon the ground that such allegation was necessary in order to charge the defendant as indorser.

It is urged upon the part of the appellants that the complaint alleging that at the time of making the notes the maker thereof was desirous of purchasing goods from the assignors of the plaintiffs, and that as a condition of the sale and delivery thereof and as security for the payment of the same the defendant, who was then the wife of the maker of the notes, indorsed and wrote upon the notes as above stated, and that the same were then passed with her privity and consent to the assignors of the plaintiffs, who thereupon sold and delivered said merchandise upon the faith of said security and relying thereon, avers that the defendant writing on said notes was for the purpose of becoming surety for her husband ; that they were so used with her privity and consent, and that the plaintiffs parted with their goods relying on such security ; and that she being merely a surety upon the notes, a demand of payment upon the maker and notice of refusal to pay to the indorser were not necessary.

We are unable to read the contract as is contended for by the appellants. The indorsement in question by the defendant made her no more a surety upon the notes than that of any other indorser, the special character of the indorsement being made because she was a married woman in order that her separate estate might be charged by such indorsement. It is to be observed that the notes were payable to her order and indorsed by her, as far as the transfer of the notes was concerned, in blank, and she simply made the spe-

cial provision in order to charge her separate estate.   It was clearly intended to be an indorsement by this married woman, and there was no intention upon her part of assuming any other liabilities than any payee by indorsing a promissory note usually intends.   The payee of a note who indorses the same for the purpose of giving credit to the maker does not thereby become a simple surety, although such indorser knows that the indorsement is asked for for the purpose of giving credit to the maker upon the purchase of goods, and that the note will be used for such purpose.   That is the whole transaction as alleged in the complaint, and such allegation in no way alters the rights of the defendant or changes the character of her contract.

We think, therefore, that the judgment appealed from should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.