Settle order on notice.

---

SHERMAN v. ECKER et al.

(City Court of New York, Special Term. March 3, 1908.)

1. BILLS AND NOTES—"PROTEST."

The term "protest" includes in a popular sense all the steps necessary to fix the liability of a drawer or indorser on the dishonor of commercial paper, and to which he is a party, or, accurately speaking, it is the solemn declaration on the part of the holder against any loss to be sustained by him by reason of the nonacceptance or even nonpayment, as the case may be, of the bill in question.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 5742–5745.]

2. SAME—ACTIONS—COMPLAINT—SUFFICIENCY.

Under the statute requiring notice to indorsers of presentment, demand, and nonpayment, a complaint in an action on a note against an indorser, which alleges that the note, on becoming due, was presented for payment at the time and place designated therein, and payment thereof demanded and refused, that the note was duly "protested," and that due notice of the protest was given, is demurrable; the averment that the note was protested for nonpayment not being equivalent to an averment that the note was presented to the maker and payment refused.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1496–1498.]

Action by Louis Sherman against Joseph Ecker and others. Demurrer to complaint sustained.

Max Sheinart, for plaintiff.
Geza Eichhorn, for defendants.

FINELITE, J. The plaintiff brings an action on a promissory note to recover the sum of $501.45 and interest. By the allegations of the third paragraph the plaintiff alleges that on or about the 24th day of October, 1907, when said note became due, said note was duly presented for payment at the time and place designated therein and payment thereof demanded and refused; by the fourth paragraph that said note was duly "protested" at an expense to the plaintiff; and by the fifth paragraph that due notice of such protest was given to the defendants and each of them. The defendant, one of the indorsers, challenges this complaint by demurrer, in that it fails to allege that notice of presentment, demand, and refusal to pay said note was given to the defendants.

It is true that the term "protest" includes in a popular sense all the steps necessary to fix the liability of a drawer or indorser upon the dishonor of commercial paper, and to which he is a party, or, accurately speaking, it is the solemn declaration on the part of the holder against any loss to be sustained by him by reason of the nonacceptance or even nonpayment, as the case may be, of the bill in question. Section 921 (5th Ed.) Daniel, Negotiable Instruments. The same author says:

"When a protest is necessary in order to charge the drawer or indorser, the notice should state that the bill was protested, in order to show that his liability was fixed."

The statute requires notice to indorsers of presentment, demand, and nonpayment, and, unless the allegation is incorporated in the complaint, such complaint does not state facts sufficient to constitute a cause of action and is insufficient on demurrer. Jaffrey v. Krauss, 79 Hun, 449, 29 N. Y. Supp. 987. As against an indorser an averment in the complaint that "the note was protested for nonpayment" is not equivalent to an averment that the note was presented to the maker and payment refused, since a protest may in fact have been made and yet the note not have been presented for payment to the maker. Pahquioque Bank v. Martin, 11 Abb. Prac. 291.

Demurrer sustained, with costs, with leave to plead anew upon payment of costs. Settle judgment on notice.