### RYAN et al. v. BROWN.

#### (Supreme Court, Appellate Term.   November 24, 1905.)

CONTRACTS—PERFORMANCE—PROOF.

    Where, in a suit on a contract for excavation, on it appearing that plaintiffs had not fully performed, they made an offer, pending adjournment, to complete the excavation, which was accepted, and the hearing adjourned, the subsequent filing of a certificate, signed by a person who had been called as a witness by defendant, certifying that he had examined the excavation and that the premises then complied with the specifications mentioned in the contract, constituted a mere statement of the witness' opinion, and was insufficient to prove performance.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by James F. Ryan and another against George Brown. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Isaac Josephson, for appellant.
Thomas O'Callaghan, for respondents.

MacLEAN, J.  The plaintiffs undertook in writing to excavate a plot 21 by 47 feet to the depth of 9 feet below the curb line and to remove the material, and they have recovered an unpaid balance of the sum agreed upon for performance. One of the plaintiffs testified that, with the exception of some stone requested to be left, they had made the excavation and removed all the material; but the contrary was proven by such a preponderance of evidence, showing that they had done neither and that the defendant had had removed many loads of material, that it was apparent at the close of the testimony that judgment must go for the defendant. Then the plaintiffs made offer, pending an adjournment, to complete the

excavation, which the defendant accepted, provided allowance be made for the carting away of material by the defendant. There was no further hearing. The defendant did not attend on the adjourned day. In the meantime there was lodged with the justice a writing, signed by a person who had been called by the defendant, and running:

"Certificate. This is to certify that I inspected the premises No. 107–109 West 43d street, and that the excavation of the premises now complies with the specifications mentioned in the contract between Brown and Ryan."

This expression of a conclusion, at best but the writer's opinion on his interpretation of the agreement, was not enough to help out the plaintiffs' unproven cause of action. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.