## RYAN et al. v. BROWN.

### (Supreme Court, Appellate Term.   June 10, 1907.)

**1. APPEAL—LAW OF THE CASE.**

A decision on appeal as to the sufficiency of evidence is binding on a second appeal on substantially the same evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4376.]

**2. CONTRACTS—ACTION—PLEADING AND EVIDENCE.**

Defendant in an action for the contract price of excavating, in which the issue was whether the contract had been performed, need not interpose a counterclaim, to show that work which plaintiffs should have done had to be done by others, to defendant's cost in a certain amount.

**3. EVIDENCE—ADMISSIONS.**

A statement of plaintiff's counsel that it is conceded on the part of defendant that a certain amount is due plaintiff on account of extras, nothing more being said about it by any one, is not such a concession as will warrant a reversal.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by James F. Ryan and another against George Brown. From a judgment for defendant, plaintiffs appeal.   Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Thomas O'Callaghan, for appellants.

Isaac Josephson, for respondent.

PER CURIAM.   There is nothing in the testimony presented for review on this appeal to show that it is different from that given on the first trial, when judgment was given for plaintiffs.   In reversing that judgment, MacLean, J., said (96 N. Y. Supp. 188):

"One of the plaintiffs testified that, with the exception of some stone requested to be left, they had made the excavation and removed all the material; but the contrary was proven by such a preponderance of evidence, showing that they had done neither and that the defendant had removed many loads of material, that it was apparent, at the close of the testimony, that judgment must go for the defendant."

Nothing appearing to the contrary, that view must be held binding here.   The question of whether the contract had been completed was one of fact, and the justice in determining it does not seem to have abused discretion.   The defendant was not precluded from giving testimony as to the cost of removing the material, which the plaintiffs should have done, because a counterclaim had not been interposed.   The issue was whether the contract had been performed, and it was competent and relevant to show that work which the plaintiffs should have done had to be done by others and that it cost the defendant accordingly.   No error was committed here.

There is no concession by the defendant that $17.50 was due plaintiff for extra work.   There is a statement by plaintiffs' attorney that "it is conceded on the part of the defendant," etc.; but nothing appears to have been said by defendant.   A mere statement by one attorney

that something is conceded, when nothing further is said about it, cannot be taken as such a concession as will warrant a reversal of judgment.

Judgment affirmed, with costs to respondent.