KNICKERBOCKER TRUST CO. v. MILLER (two cases).

(Supreme Court, Appellate Division, First Department.   March 8, 1912.)

BILLS AND NOTES (§ 498*)—PLEADING (§§ 367, 318*)—CHECKS—NONPAYMENT—
ACTION BY INDORSEE AGAINST INDORSER—PRESENTATION FOR PAYMENT—
PLEADING.

   Where, defendant, to whose order a check was drawn, indorsed it,
deposited it in plaintiff bank, was by it credited with the amount thereof
and permitted to withdraw the money, and, on presentation of it by plain-
tiff's indorsee and transferee to the bank on which it was drawn, pay-
ment was refused for lack of funds in the drawer's account, plaintiff, to
hold defendant on his indorsement, has the burden of showing presenta-
tion of the check within a reasonable time, so that no new issue is pre-
sented by the answer, which, after putting in issue the allegations of the
complaint with respect to presentation of the check for payment, alleges
failure of plaintiff and its indorsee to use due diligence in presenting it,
and that they did not present it in a reasonable time.   Therefore de-
fendant may not be required to make such allegations more definite and
certain, or give a bill of particulars of his claim in this regard.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1688–
1694; Dec. Dig. § 498;* Pleading, Cent. Dig. §§ 1173–1193, 963–969, 971;
Dec. Dig. §§ 367, 318.*]

Appeal from Special Term, New York County.

Action by the Knickerbocker Trust Company against Andrew Mil-
ler.   From part of an order, defendant appeals; and from another
part of it plaintiff appeals.   Reversed on defendant's appeal; af-
firmed on plaintiff's appeal.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT,
and DOWLING, JJ.

Charles H. Tuttle, for plaintiff.
Enos Throop Geer, for defendant.

LAUGHLIN, J.   This action is brought to recover the amount of
a check drawn by the firm of Lathrop, Haskins & Co. upon the Na-
tional City Bank to the order of the defendant, which he indorsed
and deposited to his credit in his drawing account with the plaintiff,
and which was subsequently dishonored.   On the same day, and be-
fore the close of banking hours, plaintiff indorsed and transferred the
check to the National Bank of Commerce, which presented it to the
City National Bank for payment at about 10 o'clock in the forenoon
the next day.   Payment was refused, on the ground that the drawer's
account was not good for any part of the amount.   The check was
thereupon protested in due form.   In the meantime the defendant
had withdrawn the amount thus credited to his account.   The de-
fendant put in issue the allegations of the complaint with respect to
the presentation of the check for payment, and alleged that plaintiff
did not use due diligence in presenting it, and did not present it
within a reasonable time, and, further, that the indorsees and holders
of the check subsequent to the defendant did not use diligence in
presenting it for payment, and did not so present it within a rea-

---

sonable time, whereby the face value thereof was lost to him, and he was discharged from liability.

Plaintiff moved for relief in the alternative, either that these allegations with respect to its failure and the failure of the other indorsees of the check to present it within a reasonable time be made more definite and certain, or that defendant be required to give a bill of particulars of his claim in this regard. The court declined to require that the pleading be made more definite and certain, but granted the motion for a bill of particulars. The defendant thereupon appealed from the order, in so far as it granted one alternative of the application; and in so far as it denied the other alternative, plaintiff appealed, with a view to protecting itself in the event that it should be decided that plaintiff was entitled to have the allegations made more definite and certain, but not a bill of particulars.

Plaintiff credited the defendant's account with the amount of the check, and permitted him to withdraw the money, and seeks now to hold him as indorser, and therefore it has the burden of showing presentation of the check within a reasonable time before it is entitled to recover. Daniel on Negotiable Instruments, § 669a; Jaffrey v. Krauss, 79 Hun, 449, 29 N. Y. Supp. 987. No new issue was presented by the allegations in the answer with respect to the failure of the plaintiff and its succeeding indorsees to present the check for payment with due diligence. If the facts are undisputed, the question as to whether or not the check was presented for payment within a reasonable time will become a question of law for the court to decide, and, if they should be controverted, it may be necessary to have the jury determine the facts and apply the law as charged by the court. We are of opinion, therefore, that the plaintiff was not entitled to relief upon either theory.

It follows that the order, in so far as it is appealed from by the plaintiff, should be affirmed, and in so far as it is appealed from by the defendant, it should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.