MORGAN MUNITIONS SUPPLY COMPANY, INC., Appellant, v. THE STUDEBAKER CORPORATION OF AMERICA, Respondent.

Pleading — demurrer — action to recover commissions for procuring contracts for war supplies — defense that contract was fraudulently procured by plaintiff's assignor falsely impersonating another — when demurrer to such defense properly overruled — there being no lawful contract to be rescinded a demurrer to the defense asking for a rescission of the alleged contract should be sustained.

1. Matter which would be sufficient under a general denial loses none of its efficacy by being pleaded as a defense.

2. A contract procured by the commission of a crime is unenforcible even if executed, nor can a person maintain an action to which he must trace his title through his own breach of the law.

3. The defendant, in an action to recover from it commissions on a sale of supplies, alleged as a defense that the plaintiff's assignor in procuring the contract illegally impersonated another person and that defendant relied upon his representation that he was another person and could by his connections secure the contract for the articles in question. To this answer plaintiff demurred. *Held,* that the demurrer was properly overruled, since upon facts stated in the answer no such contract was made as is alleged in the complaint, and, further, that the facts pleaded therein would bar a recovery because of a violation of the Penal Law (§ 939) under which a person who obtains employment by any false statement in writing as to his name, employment or qualification is guilty of a misdemeanor.

4. The plaintiff also answered, setting up substantially the facts as in the first defense and asking for a rescission of any contract of employment. *Held*, that the facts pleaded for a rescission show that there was no contract to be rescinded. Hence, the demurrer to this defense is sustained without costs in this court or the Appellate Division to either party.

*Morgan Munitions Supply Co.* v. *Studebaker Corp.*, 180 App. Div. 530, modified.

(Argued February 24, 1919; decided March 21, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 21, 1917, which affirmed so much of an order of Special Term as overruled a demurrer to the first defense set up in the answer and reversed so much of said order as sustained a demurrer to the second defense.

The following questions were certified: "1. Is the first defense contained in the answer of the defendant sufficient in law upon the face thereof? 2. Is the second defense contained in the answer of the defendant sufficient in law upon the face thereof?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*James A. O'Gorman, George Gordon Battle* and *Leon N. Futter* for appellant. Neither defense is valid, because the complaint pleads a completed transaction, entitling the appellant to recover on a *quantum meruit*. Upon the respondent's admission that it received the enormous consideration of $16,500,000, and suffered no detriment, the misrepresentation was unimportant. Therefore, the pleas of falsity are absurd in fact and unwarranted in law. (*Sturtevant* v. *Fiss, Doerr & Carroll Horse Co.*, 173 App. Div. 113; *Cole* v. *Canno*, 171 N. Y. Supp. 400; *Graham* v. *Graham*, 134 App. Div. 777; *Farron* v. *Sherwood*, 17 N. Y. 227; *Baumann* v. *Manhattan Co.*, 97 App. Div. 470; *Rubin* v. *Cohen*, 129 App. Div. 395; *Shirk* v. *Brookfield*, 77 App. Div. 295; *Taylor* v. *Pickney*, 3 N. Y.

S. R. 158; *Clapp* v. *Schaus,* 156 App. Div. 681; *Barber* v. *Ellingwood,* 144 App. Div. 512.) Even assuming, but not conceding, that the penal statute affects a contract of employment, nevertheless the defense of illegality is unavailable because the agreement was completely executed. The complaint aims at the proceeds derived therefrom by the respondent, and the mutual object of the agreement on the part of both parties is lawful. (*McCall* v. *Hughes,* 42 L. R. A., N. S., 63; Kerr on Frauds [4th ed.], 107; *Brooks* v. *Martin,* 2 Wall. 70; *Wann* v. *Kelly,* 5 Fed. Rep. 584; *Sinnott* v. *German-American Bank,* 164 N. Y. 386; *Pratt* v. *Short,* 79 N. Y. 445; *Hebblethwaite* v. *Flint,* 185 App. Div. 249; *Merchants Line* v. *B. & O. R. R. Co.,* 222 N. Y. 344; *Marino* v. *Lehman,* 173 N. Y. 530; *Kenny* v. *Union Ry. Co.,* 166 App. Div. 497; *Hearn* v. *Schuchman,* 157 App. Div. 926; *Ballin* v. *Fourteenth Street Store,* 123 App. Div. 582; *Hall* v. *Corcoran,* 107 Mass. 251.)

*Alfred Gregory, Lewis L. Delafield* and *E. J. Dimock* for respondent. Morgan cannot enforce the special contract of employment obtained by his illegal personation of his brother. (Penal Law, § 939; *Sinnott* v. *German-American Bank,* 164 N. Y. 386; *Vandergift* v. *Bertron,* 83 App. Div. 548; *Cody* v. *Dempsey,* 86 App. Div. 335; *Smyth* v. *Sichel,* 49 Misc. Rep. 643; *Haynes* v. *Abramson,* 97 N. Y. Supp. 371; *Hough* v. *Baldwin,* 50 Misc. Rep. 546; *Ballin* v. *Fourteenth Street Store,* 123 App. Div. 582; *Sirkin* v. *Fourteenth Street Store,* 124 App. Div. 384; *Merchants Line* v. *Baltimore & Ohio R. R. Co.,* 222 N. Y. 344.) Morgan is not entitled to recover for services rendered by personating his brother. (*Veazey* v. *Allen,* 173 N. Y. 359; *Stewart* v. *Thayer,* 170 Mass. 560; *Peck* v. *Burr,* 10 N. Y. 294; *McBlair* v. *Gibbes,* 58 U. S. 232; *Arnot* v. *P. & E. Coal Co.,* 68 N. Y. 558; *Murray* v. *Vanderbilt,* 39 Barb. 140; *McCoy* v. *Gas E. & P. Co.,* 152 N. Y. 642; 208 N. Y. 631.)

CRANE, J. The appeal is from an order overruling demurrers to the new matter set up as defenses to the cause of action set forth in the complaint.

The plaintiff in its pleading alleges that in the month of September, 1914, at New York city, the defendant entered into an agreement with one Hill G. Morgan authorizing and requesting him to negotiate sales with and obtain orders from the governments engaged in the war, and promised to pay him a commission of 5% upon the purchase price of all the goods sold by the defendant as the result of his efforts. It further alleges that on or about the 15th day of November, 1914, as the result of the efforts of said Hill G. Morgan, the defendant sold to the government of Great Britain artillery harness and saddles and received the sum of $16,500,000 in payment, of which Hill G. Morgan's share according to his contract was $825,000. Demand is made for the amount. This action is brought by the plaintiff as the assignee of the said Hill G. Morgan.

The supplemental answer sets up two defenses, the first showing that no contract was made, or else that the contract made cannot be enforced for illegality, and the second alleging facts as and for a rescission of any contract of employment.

As to the first defense. This states that Hill G. Morgan was a retired colonel in the English army, of known and distinguished reputation, having served with Lord Kitchener in Egypt and South Africa and at the time in question was the administrative member of the British war office for the supply of forage to the troops over sea and home. Francis Curtis Morgan, it is alleged, was a brother of Hill G. Morgan and illegally impersonated him, by representing in writing to the defendant that he was Hill G. Morgan and could, by his connections stated, secure the contracts for the purchase of supplies. The answer then states that these representations were

7

made by Francis Curtis Morgan to obtain employment from the defendant, that the defendant relied upon them in employing Francis Curtis Morgan in the name of and as Hill G. Morgan. In substance the answer is that the contract set forth in the pleading was not made with Hill G. Morgan but with one Francis Curtis Morgan, posing and impersonating Hill G. Morgan.

Two legal conclusions follow from this defense.

*One.* That no such contract was made as the plaintiff alleges, for if the facts of the defense be true the plaintiff could not recover upon a contract made apparently and supposedly but not in fact with Hill G. Morgan. If the defendant in form contracted with Hill G. Morgan when there was no Hill G. Morgan in the transaction but somebody else who falsely assumed his name and honors there would be no contract. This is not a matter of mere name; it embodies the identity of a living person whom the defendant was led to believe it was negotiating with. Any other name and person will not do. We say nothing about *quantum meruit* as it is not here before us. It will be noted also that there is no agency express or implied in the answer.

Some of my associates are of the opinion that this defense was unnecessary as under the general denial the defendant could prove that there was no contract with Hill G. Morgan as stated in the complaint. Even if this be so the matter set forth is a good defense and does not submit to demurrer. Matter which would be sufficient under a general denial loses none of its efficacy by being pleaded as a defense.

*Two.* The facts pleaded in this defense would bar Francis Curtis Morgan from recovering upon the contract in his own name or the name of Hill G. Morgan, because of his violation of section 939 of the Penal Law, which reads:

" A person who obtains employment * * * by any false statement in writing, as to his name, residence,

previous employment or qualification; * * * is guilty of a misdemeanor."

As held by the Appellate Division in this case a contract procured by the commission of a crime is unenforceable even if executed (citing *Sirkin* v. *Fourteenth Street Store,* 124 App. Div. 384). The illegality does not consist in the approach to the contract as stated in *Cody* v. *Dempsey* (86 App. Div. 335), as Morgan could not establish his case upon the contract without proving its illegal nature. No person can maintain an action to which he must trace his title through his own breach of the law. (*Hall* v. *Corcoran,* 107 Mass. 251, 260.)

The leading case upon this subject is *Continental Wall Paper Company* v. *Voight & Sons Company* (212 U. S. 227), where it was held that a vendor could not recover for the price of wall paper sold and delivered, as to enforce the claim would be to aid in the execution of an agreement in restraint of trade.

In proving the contract it would be necessary for the plaintiff, if the matter set forth in this defense be true, to show that its assignor violated the Penal Law, and the courts in enforcing the contract would be using the violation of one law to sustain another. The law of contracts is no more vital than the Penal Law, as there are no degrees in legal obligations.

As to the second defense, however, we think the demurrer should have been sustained, as the matter is neither necessary nor sufficient for a rescission. The facts pleaded are the same as those set forth in the first defense with the additional statement that the services of Francis Curtis Morgan were of no value to the defendant and that the defense is interposed " As and for a rescission of any contract of employment made between it and said Francis Curtis Morgan."

What has been said above may be here repeated as to this defense. The complaint alleges no contract with Francis Curtis Morgan. The only ground for rescission

is that the person the defendant contracted with falsely represented himself to be Colonel Morgan of the British army; that the agreement was intended for the colonel not an imposter. If this be so there was no contract as heretofore stated. The facts pleaded for a rescission go further and show that there could be no contract to be rescinded.

The pleading, therefore, was demurrable in this respect.

This conclusion renders it unnecessary for us to consider whether the defendant under these circumstances should have pleaded the rescission as a defense as matter of law or have set it forth as a counterclaim in equity, asking for rescission. (*Gould* v. *Cayuga County National Bank*, 86 N. Y. 75, 79, 81, 84.)

It might be well, however, to mention that in the case of *Schank* v. *Schuchman* (212 N. Y. 352) the plaintiff was suing for a sum of money — excessive and illegal charges — whereas in a case where the plaintiff asks for a rescission and desires to return the value of services which cannot be determined without judicial aid he generally must resort to a court of equity for relief.

For the reasons above stated we affirm so much of the Appellate Division's order as overrules the demurrer to the first defense, with leave to withdraw said demurrer, and reverse so much of the order as overrules the demurrer to the second defense. We sustain the demurrer to the second defense, without costs in this court or in the Appellate Division to either party. The first question certified should be answered in the affirmative, and the second in the negative.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and MCLAUGHLIN, JJ., concur.

Ordered accordingly.