JOHN J. KELLY, Respondent, v. THE NATIONAL BANK OF WHITEHALL, Appellant.

Third Department, March 3, 1920.

Pleading — alleging fact as defense which could be proven under denial — banking — action to recover damages for refusal to pay check — defense that plaintiff did not have sufficient funds to his credit " on books of bank "— demurrer.

Although a defendant could prove a fact under a denial in his answer he is not thereby precluded from pleading it as a defense.

In an action by a depositor against a bank for refusing to pay a check, a defense that when the check was presented for payment the plaintiff had to his credit on the books of the bank a sum which was less than the face of the check is not good against a demurrer, for the question is not what appeared on the books but what the bank owed the plaintiff.

APPEAL by the defendant, The National Bank of Whitehall, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Washington on the 19th day of September, 1919, upon the decision of the court rendered after a trial at the Saratoga Special Term sustaining the demurrer of the plaintiff to the first, second and third defenses in the amended answer.

This action was brought to recover damages for the refusal of the defendant to pay a check drawn on it by the plaintiff, a depositor.

*O. A. Dennis,* for the appellant.

*William Sears,* for the respondent.

PER CURIAM:

No connection appears between the Baskt transaction of April 12, 1919, and the amount of the deposit which plaintiff had May 8, 1919, in the defendant bank. There is nothing to indicate that the plaintiff relies on the Baskt transaction to make good his claim that his check of May eighth should have been paid by the bank. It may be that on the trial the Baskt transaction will become relevant. If so the facts can be

proved by the defendant under the denials of its amended answer. As a matter of pleading, however, the defendant has failed to show the relevancy of that transaction.

The defendant urges that the defenses are immune from the attack of the demurrer by reason of an allegation in each defense independently of the allegations concerning the Baskt transaction to the effect that " at the time the check mentioned in the complaint was presented for payment the plaintiff had to his credit but the sum of $6.14." That is true as to the third defense. Although the defendant could prove this fact under the denial of its amended answer it is not [thereby precluded from also pleading it as a defense. (*Morgan Munitions Co.* v. *Studebaker Corporation*, 226 N. Y. 94; *Staten Island Midland R. R. Co.* v. *Hinchliffe*, 170 id. 473.) But as to the first and second defenses the allegation is different. It is that when the check mentioned in the complaint was presented for payment the plaintiff had to his credit upon the books of the bank but the sum of six dollars and fourteen cents. The point is not what might appear from the books of the bank but what the bank owed the plaintiff. These allegations in the first and second defenses are insufficient to create an issue.

The interlocutory judgment should be modified by overruling the demurrer to the third defense and striking out the costs and, as so modified, affirmed, without costs, and with leave to the defendant to serve an amended answer within twenty days.

All concur.

Interlocutory judgment modified by overruling the demurrer to the third defense and striking out the costs and, as so modified, unanimously affirmed, without costs, with leave to the defendant to serve an amended answer within twenty days.