HOME INSURANCE COMPANY, Appellant, *v.* T. A. GILLESPIE LOADING
COMPANY, Respondent.

First Department, December 2, 1927.

**Negligence — pleadings — action to recover property damage caused by
explosion in munitions plant — defense that defendant did not main-
tain and operate plant but that plant was operated and controlled
by United States government is valid — said defense not stricken out
though same facts might be proven under general denial.**

The plaintiff, who has been subrogated to the rights of its assured, brings this
action to recover for loss of property caused by an explosion in a munitions
plant and bases its right to recover on the alleged negligence of the defendant.
A defense that the plant was not maintained and operated by the defendant
but was operated and controlled by the government of the United States is
good. This defense will not be stricken out, although the facts alleged therein
could be proved under the general denial, for it is the practice of the First Depart-
ment of the Appellate Division to be liberal in the retention of special defenses
even when they are provable under a general denial.

APPEAL by the plaintiff from an order of the Supreme Court,
entered in the office of the clerk of the county of New York on
the 10th day of January, 1927.

*Henry Newton Arnold* of counsel [*Joseph J. Baker* and *William
C. Foster* with him on the brief; *Rumsey & Morgan,* attorneys],
for the appellant.

*James T. Kilbreth* of counsel [*Henry G. Schackno* with him on
the brief; *Oudin, Kilbreth & Schackno,* attorneys], for the respondent.

*Charles H. Tuttle, United States Attorney for the Southern District
of New York, and of Counsel for the Attorney-General of the United
States* [*Herman J. Galloway, Assistant Attorney-General; Howard W.
Ameli, Special Assistant to the Attorney-General; John M. Ryan,
Assistant United States Attorney,* with him on the brief], as
*amici curiæ.*

PROSKAUER, J.  Plaintiff, subrogated to the rights of its assured,
sues for loss of property caused by an explosion in a munitions
plant, which it claims was negligently maintained and operated
by the defendant.  In the separate defenses challenged the defend-
ant asserts that it did not maintain and operate the plant, but that
the plant was operated and controlled by the government of the
United States.  The contract between the government and the
defendant is incorporated in the pleadings by stipulation, and
standing alone does not as a matter of law substantiate the
defendant's claim.

As to the substantive law which should govern the disposition of this controversy, the respective counsel are in practical accord. If this plant was negligently maintained and controlled by the defendant and such negligence caused the loss, the defendant is liable whether it acted as agent for the United States government or not. The fact of its agency cannot excuse it from responding in damages to third parties for the consequences of its own negligence. On the other hand, if the government of the United States was itself in actual possession, maintenance and control of the munitions plant to the exclusion of the defendant, there could be no negligence on the part of the defendant. In order to absolve the defendant, the extent of such maintenance, possession and control on the part of the government would have to be so complete as factually to demonstrate that the negligent acts complained of were not the acts of the defendant. (*Western Union Telegraph Co.* v. *Poston,* 256 U. S. 662.) Such absolute control by the government of the United States is alleged in the separate defenses challenged and would, of course, also be provable under the defendant's general denial. Whether or not these defenses are stricken out is, therefore, of no practical consequence to the litigants. It is the practice in this department, however, to be liberal in the retention of special defenses even when they are provable under the general denial, so that " the affirmative allegations in the answer of these defendants will secure them, upon the trial, against an exclusion of their proof offered in justification." (*Fisk* v. *Hobern,* 204 App. Div. 588.) The same practice is approved in *Savage Realty Co.* v. *Lust* (203 App. Div. 55); *Clode* v. *Scribner's Sons* (200 id. 532), and *Uggla* v. *Brokaw* (77 id. 310). Thus, in the last cited case the defendant denied ownership and control of a building and by way of separate defense set up that a tenant for years was in exclusive occupation, care, custody and control of the building. In the same way in the case at bar the defendant denies operation and control of the munitions plant and as a separate defense sets up that the United States government was in exclusive control.

We can see no possible injury to the plaintiff in permitting these defenses to stand. The rules of substantive law above stated must in any event govern the trial of this action.

For these reasons the order appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.