ARTHUR E. BLANCHARD and Another, Copartners, Doing Business under the Name and Style of BLANCHARD & CRANDELL, Respondents, v. THE CITY OF SARATOGA SPRINGS, Appellant.

Third Department, May 15, 1934.

Richard J. Sherman [Spencer B. Eddy and Richard J. Sherman of counsel], for the appellant.

John W. Nichols [William E. Bennett of counsel], for the respondents.

PER CURIAM. Respondents brought this action to recover a balance of $3,000 alleged to be due under a contract dated August 6, 1929, for the construction of a central fire station in the city of Saratoga Springs, N. Y., at a cost of $127,348. In addition to the

work provided by the contract respondents also performed extra labor amounting to the sum of $2,087.69. That amount has been paid. The only controversy here is as to the sum of $3,000. Appellant refused to pay, claiming that the work was defective.

In their complaint respondents alleged full performance of their contract. The answer, in addition to a general denial, alleged as a separate defense that the work was defective in that the cement floors were not properly constructed. In view of the fact that the answer contained a general denial it was unnecessary to plead the separate defense.

The case was tried before a referee who awarded respondents judgment for the amount claimed, and from that judgment the city has appealed.

In his brief and on the argument appellant's counsel forcefully urged that the decision is not supported by the evidence. We have concluded that the judgment must be reversed because of errors of law, and hence it is unnecessary to consider whether or not the proof sustains the determination.

On the trial appellant attempted to show that in addition to the defective floor other portions of the work were improperly and unskillfully done and also that respondents had omitted to perform certain items of the contract. The referee refused to take this evidence on the ground that appellant had failed to plead the omission. In ruling as he did we think the learned referee inadvertently fell into error. Under its general denial appellant was entitled to make this proof. (*Adams* v. *Lawson,* 188 N. Y. 460; *Jacob & Youngs, Inc.,* v. *Kent,* 230 id. 239; *Kelly* v. *National Bank of Whitehall,* 190 App. Div. 760; *Ryan* v. *Brown,* 104 N. Y. Supp. 871; *Symms-Powers Co.* v. *Kennedy,* 33 S. D. 355; 146 N. W. 570; *Morgan Munitions Co.* v. *Studebaker Corp.,* 226 N. Y. 94.) After the adverse ruling was made appellant asked permission to amend its pleading. This motion was also denied. As we have already pointed out, no amendment was necessary.

The referee found that the drainage system which respondents installed was defective but declined to allow appellant any credit for that item because it failed to make proof of the amount necessary to remedy the defect. This was likewise error. The burden was on respondents to show complete or substantial performance of their contract. He who relies upon substantial as contrasted with complete performance must prove the expense of supplying the omission or he fails in his proof for he cannot recover for full performance when a part of the contract is still unperformed. Unsubstantial defects may be cured, but at the expense of the contractor, not the owner. But the contractor cannot recover the entire

contract price when defects or omissions appear, for he must show not only that they were unsubstantial and unintentional but also the amount needed to make them good, so that it can be deducted from the contract price and recovery had for the balance only. (*Spence* v. *Ham*, 163 N. Y. 220.)

For these reasons the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

HILL, P. J., RHODES, McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Judgment reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event.

The court reverses findings of fact Nos. 2, 8, 10, 11, 12, 13, 14, 15 and 16, and the conclusion of law directing a judgment in favor of respondents.