WALTER O'KEEFE, Respondent, v. YOUNG & RUBICAM, INC., and PACKARD MOTOR CAR COMPANY, Appellants.

First Department, May 19, 1939.

*Harold H. Bowman* of counsel [*William J. Graham* with him on the brief; *Smith & Bowman*, attorneys], for the appellants.

*Howard E. Reinheimer* of counsel [*William J. Bratter* with him on the brief], for the respondent.

COHN, J. This action was brought to recover damages for breach of contract. Plaintiff, an actor and writer, was engaged by defendant Young & Rubicam, Inc., to perform in twenty-two radio broadcasts to be sponsored by defendant Packard Motor Car Company. It is claimed that defendants canceled the contract without cause.

Defendants' answer contains two affirmative defenses. In the first defense it is averred that the contract of employment was duly canceled, pursuant to power given defendant Packard Motor Car Company by an amendment to the contract. The second defense alleges that the contract of employment was canceled by the same defendant, by the exercise of such right granted to it under the contract in its original form; it also alleges that the Packard Motor Car Company was compelled to cancel the contract because of business conditions beyond its control.

After defendants had served the answer, they moved to compel plaintiff to reply to the two affirmative defenses. An order was thereupon entered on consent requiring plaintiff to serve the additional pleading. In the reply, plaintiff denies each and every allegation contained in the affirmative defenses of the answer and also pleads three affirmative defenses which it designates as "affirmative replies." These do not allege facts by way of avoidance but merely enlarge upon the denials contained in the reply. From the order denying the motion to strike out these defenses, defendants appeal. They contend that as the allegations of the three defenses contained in plaintiff's reply do not constitute matter in avoidance of the affirmative defenses set forth in the answer, such defenses are not proper subject-matter of a reply and should be stricken out.

The pertinent provisions of the Civil Practice Act are as follows:

"§ 272. Contents of reply. Where the answer contains a counterclaim, the plaintiff may reply to the counterclaim. The reply must contain a general or specific denial of each material allegation of the counterclaim controverted by the plaintiff, or of any knowledge or information thereof sufficient to form a belief; *and it may set forth new matter not inconsistent with the complaint constituting a defense to the counterclaim.* A reply may contain two or more distinct avoidances of the same defense or counterclaim." (Italics ours.)

" § 274. Compelling reply. Where an answer contains new matter constituting a defense by way of avoidance, the court, in its discretion, on the defendant's application, may direct the plaintiff to reply to the new matter. In that case the reply and the proceedings upon failure to reply are subject to the same rules as in the case of a counterclaim."

The service of the reply having been compelled by an order, the reply is subject " to the same rules as in the case of a counterclaim." The rules referred to are contained in section 272. We are unable to find in either of these two sections of the Civil Practice Act any support for plaintiff's contention that, in a reply, defenses provable under a general denial may be pleaded. Section 272 merely authorizes " new matter not inconsistent with the complaint *constituting a defense to the counterclaim* " to be set forth in a reply.

Strictly speaking, if matter can be proved under a denial, it is not new matter. (*Stroock Plush Co.* v. *Talcott,* 129 App. Div. 14; *Frank* v. *Miller,* 116 id. 855.) In the case of *Home Insurance Co.* v. *Gillespie Loading Co.* (222 App. Div. 67) this court stated the practice in this department to be liberal in the retention of special defenses, even when they are provable under a general denial. That case, however, involved special defenses contained in an answer. Here the defenses contained in the reply clearly do not comprise matter in avoidance of the defenses in the answer but only expand the denials pleaded in the first paragraph of the reply. Apparently the only purpose of pleading these defenses in the reply was to predicate thereon an application for examination before trial of defendants as to matters upon which defendants and not plaintiff will have the burden of proof. In circumstances such as these we are not persuaded to permit such unnecessary new matter to remain in a reply.

The aim of the present practice, as regulated by statute, is to avoid delay, to limit the number of pleadings and to require that they be in such form as to enable the trial court readily to ascertain the issues to be tried. The legislative intent becomes obvious when we consider that the purpose of section 274 of the Civil Practice Act was to afford a remedy to a defendant who might otherwise be embarrassed in going " to trial well knowing that plaintiff might give evidence *in avoidance* of his defense, and yet not know in advance the form which such possible attack might take." (*Davis Confectionery Co., Inc.,* v. *Rochester G. Ins. Co.,* 141 App. Div. 909, 911.) " As a general rule when the new matter set forth in a plea in bar, is of such character that if true it will constitute a complete defense to the action unless in some manner it is avoided, it will simplify the issue and prevent surprise at the trial if a reply

is ordered showing the grounds of avoidance, if such exist." (3 Carmody's N. Y. Practice, § 1018, p. 2161; see, also, *Dittenfass* v. *Horsley*, 171 App. Div. 507, 508; *Schweitzer* v. *H.-A. P. A. Gesellschaft*, 149 id. 900; *Olsen* v. *Singer Manufacturing Co.*, 138 id. 467; 25 Abb. N. C. 120, note.) The allegations in the challenged affirmative defenses do not set forth matter in avoidance of the defenses contained in defendants' answer and they do not in any respect simplify the issues to be tried.

For the foregoing reasons, we hold that the allegations of the three defenses contained in the reply are irrelevant, redundant and unnecessary and should have been stricken out on the defendants' motion.

With respect to the order granting the examination of defendants, the general objections made are without merit. We can find no hardship imposed upon defendant Packard Motor Car Company by a compliance with the order. The provision relating to the production and use of books and records is proper. However, as items 7 to 24 of the examination relate to matter contained in the affirmative defenses of the reply which have been stricken out, an examination as to such matters may not be allowed.

The third order appealed from involving a bill of particulars is improper in several respects. Plaintiff may not compel defendants to disclose evidence in a bill of particulars as it attempts to do in many of the challenged items. Items 2, 6, 7, 9, 10, 14, 16 and 18 are in such category and should have been stricken from plaintiff's demand. As to item 11, defendants should only have been required to furnish a general statement. All other items are proper and should not be stricken from the demand. Items 12, 13 and 15 call for particulars as to an alleged waiver by plaintiff. Though defendants urge that the facts with respect to waiver are fully pleaded in paragraph IX of the answer, there is nothing in that paragraph which shows that defendants rely upon those facts as constituting the alleged waiver by plaintiff. If defendants rely upon those facts as amounting to a waiver by plaintiff, it will be a simple matter for defendants to so state in a bill of particulars.

The order denying defendants' motion to strike out the affirmative defenses contained in plaintiff's reply should be reversed and the motion granted; the order granting the motion for the examination of defendants before trial should be modified by eliminating items 7 to 24 of the notice of examination, and the order denying the motion of defendants to modify plaintiff's demand for a bill of particulars should be granted to the extent indicated, with twenty dollars costs and disbursements to the appellants.

MARTIN, P. J., and CALLAHAN, J., concur; UNTERMYER and DORE, JJ., dissent in part.

UNTERMYER, J. (dissenting in part). I am unable to concur in so much of the opinion of the court as strikes out the three " affirmative replies," because evidence of the facts alleged therein would be admissible under the denials contained in the reply.

I find no reason to distinguish between the rule which now prevails, supplanting the ancient common-law rule to the contrary (Perry, Common Law Pleading, p. 408, and cases cited), allowing the defendant, in the answer, to plead affirmatively matter that might be established under a denial (*Staten Island M. R. R. Co.* v. *Hinchliffe*, 170 N. Y. 473) and the rule to be applied in the case of a reply to new matter contained in the answer. The terse statement of Judge CRANE in *Morgan Munitions Co.* v. *Studebaker Corp.* (226 N. Y. 94), that " Matter which would be sufficient under a general denial loses none of its efficacy by being pleaded as a defense " has become the accepted rule of pleading in this State. (*Home Insurance Co.* v. *Gillespie Loading Co.*, 222 App. Div. 67; *Kelly* v. *National Bank of Whitehall*, 190 id. 760.) The pertinent provisions of the Civil Practice Act relating to the contents of the answer and the reply are almost identical and do not countenance the view that a different rule of pleading should apply where the defendant answers the complaint than applies where the plaintiff replies to new matter in the answer whether the new matter be a counterclaim or an affirmative defense. The provisions (Civ. Prac. Act, § 261) applicable to the answer are:

" Contents of answer. The answer of the defendant must contain:

" 1. *A general or specific denial of each material allegation of the complaint controverted by the defendant,* or of any knowledge or information thereof sufficient to form a belief.

" 2. *A statement of any new matter constituting a defense or counterclaim.*"

The provisions (Civ. Prac. Act, § 272) applicable to a reply are:

" Contents of reply. Where the answer contains a counterclaim, the plaintiff may reply to the counterclaim. *The reply must contain a general or specific denial of each material allegation of the counterclaim controverted by the plaintiff,* or of any knowledge or information thereof sufficient to form a belief; and *it may set forth new matter* not inconsistent with the complaint *constituting a defense to the counterclaim.*"

By section 275 of the Civil Practice Act we are admonished that " pleadings must be liberally construed with a view to substantial justice between the parties." Notwithstanding that admonition, it is now proposed that, in the case of a reply, we shall revert to the doctrine, thought to have been discarded from our system of plead-

ing, which would require a party to determine at his peril the question, often so difficult and doubtful (*Conkling* v. *Weatherwax*, 181 N. Y. 258; *Murray* v. *Narwood*, 192 id. 172; *Milbank* v. *Jones*, 141 id. 340; *Whipple* v. *Brown Brothers Co.*, 225 id. 237; *Irving* v. *Irving*, 90 Hun, 422; affd., 149 N. Y. 573), whether his defense may be established under a denial or whether, to be admissible at the trial, it must be asserted affirmatively. The reversion to this archaic principle is not supported by any consideration of substantial justice. Manifestly, it is not warranted by any thought of avoiding surprise at the trial, for it cannot be contended that the pleader, who could offer the proof under a denial, will surprise his adversary by setting forth in detail the nature of his contention in an affirmative defense. Nor is it justified upon the theory that the pleader gains some undue advantage by pretending to assume the burden of proof, for whenever that question has arisen the court has found no difficulty, and should find none here, in disregarding the state of the pleadings in determining where the burden lies. (*Knickerbocker Trust Co.* v. *Miller*, 149 App. Div. 685; *Ebin* v. *Equitable Life Assurance Society*, 177 id. 458; *Barone* v. *O'Leary*, 44 id. 418; *Siede* v. *Newkirk*, 148 id. 864; *Curtis* v. *Searles*, 206 id. 287; *Moffat* v. *Phœnix Brewery Corporation*, 247 id. 552.)

Tested by these principles all the items of examination allowed are relevant to the issues raised by the pleadings, including the reply, except items 7 to 24, and the order appealed from should, as so modified, be affirmed.

The order denying defendants' motion to modify plaintiff's demand for a bill of particulars should be modified by striking out items 6, 14 and 17, and as so modified affirmed.

To the extent above indicated I dissent from the decision of the court.

Dore, J., concurs.

Order denying defendants' motion to strike out the first, second and third affirmative defenses contained in plaintiff's reply reversed and the motion granted. Untermyer and Dore, JJ., dissent.

Order granting plaintiff's motion for an examination of defendants before trial, so far as appealed from, unanimously modified by eliminating items 7 to 24 of the notice of examination, and as so modified affirmed. The date for the examination to proceed to be fixed in the order. Settle order on notice.

Order denying defendants' motion to modify plaintiff's demand for a bill of particulars, so far as appealed from, modified and the motion granted to the extent indicated in the opinion of Cohn, J. Untermyer and Dore, JJ., dissent in part. Bill of particulars to

be served within ten days after service of a copy of the order to be entered hereon. Settle order on notice.

Appellants to have twenty dollars costs and disbursements on the appeal from the order denying their motion to strike out the first, second and third affirmative defenses in plaintiff's reply, and printing disbursements on each of the other appeals.