Louis Levine and Angelo Caruso, Jr., Suing for Themselves and All Other Stockholders of the National City Bank of New York in Like Situation as Themselves, Who Shall Choose to Make Themselves Parties to This Action and Contribute to the Expense Thereof, Appellants, *v.* Sosthenes Behn and Others, Respondents, Impleaded with Curtis E. Calder and Others, Defendants.*

First Department, May 19, 1939.

*Arthur G. Warner* of counsel [*David L. Stehr*, attorney], for the appellants.

*Robert Nias West* of counsel [*John R. Henry* with him on the brief; *Guy Cary*, attorney for Behn and Swenson; *Shearman & Sterling*, attorneys for executors], for the respondents.

Per Curiam. The fifth paragraph of rule 113 of the Rules of Civil Practice merely requires a " defense " which is sufficient as

---

* Affg. 169 Misc. 601.

a matter of law. In the light of the intent and purpose of rule 113 we think this should not be restricted to an affirmative defense only but as applied to that rule embraces matter provable under a general denial if founded upon facts established *prima facie* by documentary evidence or official record. We find no sound reason for applying a narrow definition of the word " defense " to the provisions of a rule of practice remedial in nature and designed to make more efficient the administration of justice. We fully approve the conclusion of the learned Special Term that such limitation would do violence to the intent of the rule and impair its effectiveness. (*Pross* v. *Foundation Properties, Inc.*, 158 Misc. 304, 305; *Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459, 464, 465.)

Section 275 of the Civil Practice Act provides: " Pleadings must be liberally construed with a view to substantial justice between the parties." Under perfectly well-established rules of pleading, defendant is permitted to plead affirmatively matter that might be established under a general denial. (*Staten Island Midland Railroad Co.* v. *Hinchliffe*, 170 N. Y. 473.) " Matter which would be sufficient under a general denial loses none of its efficacy by being pleaded as a defense." (CRANE, J., in *Morgan Munitions Co.* v. *Studebaker Corporation*, 226 N. Y. 94.) That is the accepted rule of pleading in this State. (*Kelly* v. *National Bank of Whitehall*, 190 App. Div. 760.) Under it these defendants might properly have set forth affirmatively the issues here raised under the denials and then moved under rule 113. Indeed, minutes of the executive committee and board of directors meetings are in fact pleaded affirmatively at length in addition to the denials.

The fifth paragraph of rule 113, under which defendants moved, does not require that the " defense " required by that paragraph of the rule must be an affirmative defense nor is defendants' motion under that paragraph restricted to the eight classes of cases enumerated in the first paragraph of the rule. A party under the eight enumerated cases in the first paragraph of the rule is permitted to move upon affidavits setting forth evidentiary facts without the more stringent requirement of adducing documentary evidence or official record required under paragraph fifth. Defendants, moving under paragraph fifth, must show that the defense is founded upon facts established *prima facie* by documentary evidence or official record.

Defendants' motion was authorized under rule 113 and the learned court at Special Term properly held that this suit is without merit and there is no really substantial issue to be tried.

The judgment and order appealed from should be affirmed, with costs.

Present — MARTIN, P. J., O'MALLEY, GLENNON, UNTERMYER and DORE, JJ.; O'MALLEY and UNTERMYER, JJ.. dissent and vote to reverse and deny the motion.

UNTERMYER, J. (dissenting). Rule 113 of the Rules of Civil Practice, so far as material, provides: " Where an answer is served in any action *setting forth a defense which is sufficient as a matter of law, where the defense is founded upon facts established prima facie by documentary evidence or official record,* the complaint may be dismissed on motion unless the plaintiff by affidavit, or other proof, shall show such facts as may be deemed by the judge hearing the motion, sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record."

Even without consideration of the other questions presented by this appeal I would dissent and vote to reverse the order upon the ground that rule 113 does not authorize a motion by the defendant for summary judgment upon matters of denial contained in the answer, except in the eight classes of cases enumerated in the rule. The language of the rule is entirely inappropriate if it refers to a " denial " as distinguished from a " defense," especially when it is observed that section 261 of the Civil Practice Act plainly discriminates between them, as follows:

" Contents of answer. The answer of the defendant must contain:

" 1. A general or specific *denial* of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.

" 2. A statement of any new matter constituting a *defense* or counterclaim."

It seems incredible that denials were intended to be included in this paragraph of rule 113 when we consider all the language in which the purpose is expressed. The reference is to an answer " setting forth " a " defense " which is " sufficient as a matter of law." Such language, most appropriate to an affirmative defense, is inaccurate and meaningless when applied to a denial — inaccurate because a denial is not a defense which " sets forth " any facts whatever; meaningless because, as the justice at Special Term recognized, a denial is necessarily " sufficient as a matter of law."

This conclusion follows not alone from the plain language quoted above and the significant contrast between a " defense," as it is there characterized, and " *denials or* defenses " on which a defendant may move for summary judgment in the eight classes of cases enumerated in the rule but also from the manifest purpose intended to be attained. That purpose was to permit a defendant to move

for summary judgment in classes of actions in which the plaintiff did not have a corresponding right (*Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459), where a " defense " in avoidance, such as bankruptcy, payment or *res adjudicata*, and susceptible of proof by documentary evidence or official record, could be established without any investigation of the merits of the plaintiff's claim. For, it should be observed, rule 113 does not authorize a plaintiff to move for summary judgment except in the eight classes of actions enumerated in the rule even though he is able to establish his cause of action by documentary evidence or official record. Yet it is proposed to allow the defendants herein on a motion for summary judgment to controvert " the general issue " by means of " documentary evidence or official record," even though, for reasons of expediency, the same opportunity has been denied to the plaintiffs.

It is no answer to assert that a defendant under our rules of pleaing may set forth a denial in the form of an affirmative defense (*Staten Island M. R. R. Co.* v. *Hinchliffe*, 170 N. Y. 473; *Home Insurance Co.* v. *Gillespie Loading Co.*, 222 App. Div. 67; *Kelly* v. *National Bank of Whitehall*, 190 id. 760), because " matter which would be sufficient under a general denial loses none of its efficacy by being pleaded as a defense." (*Morgan Munitions Co.* v. *Studebaker Corp.*, 226 N. Y. 94.) That principle does not obliterate the distinction, scrupulously preserved by the Civil Practice Act, between a " denial " and a " defense." (Civ. Prac. Act, § 261; 3 Carmody N. Y. Practice [2d ed.], pp. 2056, 2057.) Accordingly, where it becomes material we have not hesitated to inquire whether allegations, though affirmative in form, were negative in effect and could be established under a denial. (*Knickerbocker Trust Co.* v. *Miller*, 149 App. Div. 685; *Ebin* v. *Equitable Life Assurance Society*, 177 id. 458; *Barone* v. *O'Leary*, 44 id. 418; *Siede* v. *Newkirk*, 148 id. 864; *Curtis* v. *Searles*, 206 id. 287; *Moffat* v. *Phœnix Brewery Corporation*, 247 id. 552.)

I am further of opinion, if it were necessary to decide the question, that the evidence presents an issue of fact not capable of determination by the " documentary evidence or official record " offered by the defendants. For that reason also the motion for summary judgment should have been denied.

The judgment and order should be reversed and the motion denied.

O'MALLEY, J., concurs.

Judgment and order affirmed, with costs.