MARION GRUNDER, Individually and on Behalf of Similarly Situated Stockholders of UNITED MERCHANTS AND MANUFACTURERS, INC., Plaintiff, *v.* JACOB W. SCHWAB et al., Defendants.

Supreme Court, Special Term, New York County, August 10, 1943.

*Stroock & Stroock & Lavan* for Jacob W. Schwab and others, defendants.

*Ira J. Palestin* for plaintiff.

BENVENGA, J. Motions by defendants for summary judgment and for judgment on the pleadings, and cross motion by plaintiff for partial summary judgment.

The action is a derivative stockholder's action instituted by plaintiff on behalf of United Merchants and Manufacturers, Inc. (hereinafter referred to as United), a corporation in which she is a stockholder, to recover moneys alleged to have been paid by United to defendant Schwab, in violation of predetermined agreements for a fixed salary and contingent bonus. Plaintiff alleges that defendant directors wrongfully caused United to pay Schwab an additional gratuitous bonus in the sum of $50,000. This alleged bonus, it appears, was

approved at a meeting of the board of directors in June, 1940. The minutes of the meeting indicate that the extra compensation was paid pursuant to an oral agreement between Schwab and United entered into the latter part of June, 1939.

Defendants claim that the oral agreement was the result of discussions between Schwab and defendant Keidel, chairman of the board of directors of United. The discussions arose at the time of Schwab's elevation to president and general manager of United and were based upon Schwab's demand that his compensation be increased to an amount equal to that theretofore paid to his predecessors in office. The substance of the oral agreement was that Schwab should continue for a year under the employment agreement then in effect, and, if he made good, his demands would be met.

There can be no question that Schwab made good in his new duties. Defendants urge, therefore, that the resolutions of June, 1940, merely give effect to and evidence the earlier oral contract. Plaintiff, however, denies the making of the oral contract, and insists that the resolutions of June, 1940, were but a means to effectuate a gratuity. In support of her position, plaintiff points out that, although United was under a duty to make a full disclosure of all bonus and profit-sharing arrangements to the Securities and Exchange Commission (SEC), no mention of the oral agreement is made in its 1939 report. No other facts, however, are presented in support of plaintiff's claim that the oral agreement was not entered into. The question here presented, therefore, is whether the failure of United to set forth the existence of the oral agreement in its 1939 report to the SEC is sufficient to defeat defendants' motion.

The applicable provision of rule 113 of the Rules of Civil Practice is as follows: " Where an answer is served in any action setting forth a defense which is sufficient as a matter of law, where the defense is founded upon facts established *prima facie* by documentary evidence or official record, the complaint may be dismissed on motion unless the plaintiff by affidavit, or other proof, shall show such facts as may be deemed by the judge hearing the motion, sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record."

Undoubtedly, the minutes of the 1940 meeting of the board of directors of United, while not conclusive, are *prima facie* evidence of the directors' proceedings. (*Leonard* v. *Faber*, 52 App. Div. 495, 499; and see *Levine* v. *Behn*, 169 Misc. 601, 605, and cases cited.) However, the question presented is whether

the failure of United to list the oral agreement in its 1939 SEC report is such a fact as may be deemed sufficient to raise an issue with respect to the verity and conclusiveness of the corporate resolutions set forth in the documentary evidence offered by defendants.

The SEC, by rule X–13A–1, requires the filing of annual reports for corporations. A form for the annual report has been provided and is known as form 10K. Item 5, subdivision (iv), of form 10K provides for the furnishing of information relative to " Material bonus and profit-sharing arrangements ". In its instruction book for form 10K, the SEC has made provision for those cases where delays in furnishing information beyond the date upon which the annual reports must be filed are necessary as well as for those instances where material is neither known nor available. Failure to file proper reports with the SEC or the filing of misleading statements subjects the wrongdoer to possible serious penalties. (See Securities Act of 1933, § 24; Securities Exchange Act of 1934, § 18; U. S. Code, tit. 15, §§ 77x, 78r.)

While in the instant case it does not appear that the form 10K report to the SEC was willfully or wrongfully misleading, the fact remains that if the oral contract had been previously entered into, the form 10K report in failing to set it forth was incomplete. It does not appear that any steps were taken to obtain an extension of time to file additional material, nor was an explicit statement made why the material was omitted concerning the oral agreement. Such steps might have been taken pursuant to paragraphs 10 (a) and (b) set forth in the instruction book for form 10K.

These omissions, it is said, cast doubt upon the existence of the oral contract. While the doubt may appear to be tenuous in the face of the *prima facie* evidence of the directors' proceedings, as evidenced by the minutes of its 1940 meeting, it can not be disregarded nor considered feigned or sham. It does create and present a question of fact as to the verity and conclusiveness of the documentary evidence produced on behalf of the defendants. (*Levine* v. *Behn*, 282 N. Y. 120, revg. 257 App. Div. 156, which affd. 169 Misc. 601.) It is true also that the failure to refer to the oral agreement in the 1939 SEC report may be insufficient to show that the alleged agreement was not entered into. Nevertheless, it is a circumstance which may be considered with other relevant circumstances, if any, in determining the existence of the agreement.

Therefore, in view of the existence of this question of fact, defendants' motions for summary judgment and for judgment on the pleadings are denied, and plaintiff's cross motion for partial summary judgment is also denied.