ELSIE FELLMAN, Plaintiff, *v.* LEBANON HOSPITAL ASSOCIATION OF THE CITY OF NEW YORK, INC., Defendant.*

City Court of New York, New York County, October 8, 1943.

*Henry L. Finkelstein* for plaintiff.

*John P. Wourms* and *William J. McArthur* for defendant.

* Cf. *Lofaro* v. *Bee Cab Corp.*, 180 Misc. 756.— [REP.

COLEMAN, J. The motion to strike out the separate defense is denied. The defendant plainly is informing the plaintiff that even if she has suffered personal injury because of inadequate lighting, as she claims, it nevertheless is not responsible for the injury, as the lighting facilities which it did maintain were those required to be maintained under military authority in wartime in a dim-out area. If the lighting facilities were less than usual and the lighting was inadequate, it was because the defendant could furnish no more. In effect, then, the defendant is amplifying its denial of negligence by giving the grounds for the denial. It may not have been necessary to do so, but the plaintiff cannot complain if she is forewarned of the defendant's position and there is nothing to be gained by striking out the defense. (*Morgan Munitions Co.* v. *Studebaker Corp.*, 226 N. Y. 94, 98; *Home Ins. Co.* v. *Gillespie Loading Co.*, 222 App. Div. 67.)

For there can be no doubt that a defendant cannot be charged with negligence in the matter of lighting, where it has complied with proper governmental authority — civil or military — and supplied the lighting which that authority prescribed. There may of course be cases where to permit the use of an exterior stairway, as in this case, with only such illumination as is permitted by military order would constitute negligence. But the act of compliance, without more, cannot be negligence. (*Wodehouse* v. *Levy* [1940], 2 K.B. 561.) It is unnecessary to consider the applicability of section 40 of the New York War Emergency Act of 1942. (L. 1942, ch. 544, as amd.)

Motions 37 and 38 have been withdrawn.