David Kusítbtz, J.
Motion by defendant for an order compelling plaintiff to serve a verified reply' to defendant’s second complete affirmative defense. Cross motion by plaintiff for an order striking the three affirmative defenses for legal insufficiency and striking certain items of records called for in defendant’s cross notice of examination before trial.
The action is for breach of a written contract, dated April 1, 1956, whereby plaintiff leased to defendant certain tractors and trailers. The complaint contains 13 causes of action. Defendant, in addition to denials, has alleged three affirmative defenses, each interposed as a complete defense to each and every cause of action.
The first defense alleges that in March, 1953 the parties entered into an oral agreement for the hire of certain trucking equipment; that by the terms of that agreement plaintiff agreed to maintain the equipment and to replace parts as required, to maintain adequate insurance of various types and to save- the defendant harmless from any claims for loss or damage to the equipment. It is further alleged that plaintiff represented that it had obtained siich insurance, but .-actually it had not, nor did it maintain the equipment as required, that plaintiff has recovered on claims for insurance and seeks to enrich itself unjustly by recovering a second payment from defendant when, if it had performed the terms of the oral lease, defendant would have been released from any liability by the payment of the insurance carrier.
Plaintiff contends that this defense is insufficient because the written agreement upon which it is suing contains a provision stating that it constitutes the entire understanding of the parties and that ‘ * no waiver, modification or addition to these provisions shall be valid unless in writing and signed by the parties hereto.”
*1067 The parol evidence rule prevents proof of oral understandings which ordinarily would be incorporated in the written contract. The claimed agreement with respect to insurance and maintenance is so closely related to the subject matter of the written agreement that it may not be proved. (Mitchill v. Lath, 247 N. Y. 377, 382.) Under such circumstances the first defense is insufficient.
For a second defense defendant realleges the first defense and, in addition, that on February 2, 1958, prior to the commencement of this action, plaintiff, in another action between these parties pending in New York County, served a pleading wherein it alleged that the agreement between these parties was illegal and in violation of the Federal law and the regulations of the Interstate Commerce Commission, that the agreement annexed to the instant complaint, dated April 1, 1956, was “ designed to serve as a cloak for the illegal contract aforesaid ” and that, therefore, plaintiff may not recover on said agreement.
Defendant, itself, does not allege that the agreement was illegal, but only that plaintiff in another action stated that it was illegal. Indeed, defendant in its memorandum specifically states that “it is to be understood that the defendant does not assert that the relationship was illegal ”.
It is apparent, therefore, that defendant is merely alleging evidentiary facts to which it would not even be proper to require plaintiff to reply (4 Carmody-Wait, New York Practice, p. 487). The second defense, failing to allege ultimate facts, is insufficient.
In its third defense defendant realleges all prior allegations and, in addition, that as a condition of the oral agreement plaintiff required that Bernard Goldner, its then secretary (now president) be retained by defendant for the purpose of sole supervision of the equipment, that Bernard Goldner had sole supervision of the operation and maintenance of the vehicles, that Bernard Goldner and the plaintiff permitted the equipment to fall into disrepair, and that plaintiff was contributorily negligent in causing the damage alleged in the complaint.
The allegation that such supervision was a condition of the oral agreement may not be proved under the parol evidence rule. The balance of the defense, therefore, is that plaintiff, through its representative, was guilty of contributory negligence.
It is true that plaintiff’s contributory negligence could be proved under a general denial and that this defense is unnecessary. This does not make it insufficient, however, and since no motion was made under rule 103 of the Rules of Civil Practice to strike it as unnecessary, the motion to dismiss it is denied. (Home Ins. Co. v. Gillespie Loading Co., 222 App. Div. 67; *1068 Minnesota Mining & Mfg. Co. v. Technical Tape Corp., 3 A D 2d 759.)
The first branch of plaintiff’s cross motion is granted to the extent of striking out the first and second affirmative defenses. The balance of plaintiff’s cross motion, namely, to strike certain items from defendant’s cross notice of examination, is granted as to items 2, 6, 7 and 8. Item 3 is modified to limit the examination to the period from April 1, 1956, to the date of the commencement of the action. Books and records relevant to the items of examination shall be produced for use in accordance with section 296 of the Civil Practice Act.
Inasmuch as the second defense has been stricken from the answer defendant’s motion to compel a reply thereto necessarily must be denied as academic.
Settle order.