Donald S. Taylor, J.
In an action for a declaratory judgment plaintiff seeks a determination that it is not liable to defendants under its policy issued to the defendant, Vincent L. De Lair, for any claim arising out of an accident which involved a stolen motor vehicle operated by his infant son, the defendant, Vincent De Lair. The defendant, Safeco Insurance Co. of America, a subrogated carrier to the rights of the defendant, Maria C. Winkelmann, has interposed an answer which, in effect, is a general denial and which also contains a separate defense alleging that the defendant, Vincent De Lair, at the time of the accident which gave rise to the causes of action asserted against him was an insured within the provisions of his parent’s policy and thus entitled to its benefits. The theory of the defendant, Safeco Insurance Co. of America, is that plaintiff through its *392 membership in an association of casualty insurance underwriters was bound by an agreement of its members to observe a promulgated directive which required the inclusion of what is known in the insurance industry as ‘ ‘ family automobile coverage ” whose operative provisions would extend to the defendant, Vincent De Lair, in all policies written after a given date and that the instant policy must be read as if it conformed to this direction. The plaintiff moves to strike the defense as irrelevant pursuant to rule 103 of the Rules of Civil Practice. The motion is denied.
Motions to strike parts of a pleading as irrelevant are addressed to the sound discretion of the court which should be exercised with caution and are not favored unless the court can clearly see that the allegations have no possible bearing on the subject matter of the litigation. (Solomon v. La Guardia, 267 App. Div. 435, motions for reargument and leave to appeal denied 267 App. Div. 957, and cases cited therein.) Applying this rule to the subject matter of the separate defense here it must be deemed sufficient. Even though such matter can be proved under the denials of the answer, its presence in the pleading is not prejudicial to the plaintiff or to a fair trial and the defense should not be stricken on this account. (O’Keefe v. Young & Rubicam, Inc., 257 App. Div. 141; McKie v. McKie, 72 N. T. S. 2d 798, 800.) Whether public policy forbids insurance against the consequences of the illegal acts of which the defendant, Vincent De Lair, is alleged to have been committing at the time of the accident is not an appropriate subject for consideration upon a motion to strike a separate defense on the ground of irrelevancy.
The defendant, Safeco Insurance Co. of America, moves pursuant to section 274 of the Civil Practice Act for an order directing plaintiff to serve a reply to the separate defense. The motion is granted. To amplify the issues and prevent surprise at the trial a reply should be ordered showing the grounds of avoidance. (Schweitzer v. Hamburg-American Line, 149 App. Div. 900; O’Keefe v. Young & Rubicam, Inc., supra.)
Submit order accordingly.
The papers will be forwarded with the signed order.