ELIZABETH BUDELMAN, Appellant, v. MARY SIRGANT and DONALD CLARK, Defendants; HENRY ALBERT, Attorney, Respondent.— Order reversed on the law and the facts, without costs, and matter remitted to the Special Term to ascertain the reasonable value of the services rendered by plaintiff's former attorney which, when determined, together with disbursements of twenty-six dollars, is to be a lien on the amount of any recovery by action or settlement, unless (since the parties are willing to have the services measured on a percentage basis), within five days from the entry of the order hereon, plaintiff's former attorney file a stipulation that the order be modified by reducing the amount of his lien from twenty-two per cent to nineteen per cent, together with twenty-six dollars disbursements, in which event the order, as thus modified, is affirmed, without costs. No opinion. ·Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.

FRANK CAPEK, Appellant, v. DAMION DEMETROWITZ and EMILIE DEMETROWITZ, Respondents.— Order denying plaintiff's motion for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The form of the denials is fatally defective. (Civ. Prac. Act, § 261; *D. & G. Girl Coat Co., Inc.*, v. *Kafka*, 218 App. Div. 607; affd., without opinion, 245 N. Y. 646.) In our opinion the plaintiff was also entitled to summary judgment under rule 113 of the Rules of Civil Practice. Therefore, no leave to amend the answer is granted. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.

GEORGE H. CHAMBERLIN, Respondent, v. THE CITY OF YONKERS, Appellant.— This action was commenced in the Westchester County Court to recover damages for personal injuries sustained by plaintiff when he fell upon snow and ice on a public street in the city of Yonkers. Upon stipulation of the parties, the matter was referred to an official referee of the Supreme Court to hear and determine the issues. The official referee awarded plaintiff $1,500 and judgment was entered accordingly. Judgment reversed on the law and a new trial ordered, costs to abide the event. Appeal from decision dismissed. An official referee of the Supreme Court is authorized to hear and report upon or to hear and determine only such actions, special proceedings, etc., as are pending in the Supreme Court or the Surrogate's Court. (Judiciary Law, § 116, added by Laws of 1935, chap. 854; *Romoser* v. *Wilson, Inc.* [not officially reported], decided December 23, 1937, opinion by McKenna, County Judge, published Westchester Law Journal, December 29, 1937.) Nor may an official referee act as an unofficial referee in any court. (Judiciary Law, § 123, added by Laws of 1935, chap. 854.) In view of the provisions of the statutes above cited, the County Court was without power to appoint the official referee to hear and determine the issues, and the judgment entered is a nullity. Nor did defendant waive its right to raise the question here, because jurisdiction cannot be conferred by consent or stipulation, and the objection may be raised at any stage of the action. (*Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315; *McConnell* v. *Williams Steamship Co., Inc.*, 239 App. Div. 393; affd., 265 N. Y. 594; *City of Oswego* v. *Montcalm Dock Co., Inc.*, 245 App. Div. 555.) Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.