Charles W. Frobssbl, J.
Two motions by plaintiff for summary judgment against the defendant William Levine in two actions to foreclose two mortgages. The opposing affidavits by the attorney for the answering defendant Levine are insufficient to establish the existence of triable issues. Aside from the fact that the affidavit in each case is made by a person having no personal knowledge of the ‘ ‘ facts ’ ’ and competent to testify to same at a trial (Rules Civ. Prac., rule 113; Hallgarlen v. Wolhenstein, 204 App. Div. 487, 490), it is conclusory, contains no evidentiary facts, merely repeats the substance of the defenses and urges that they present “ triable issues.” The first defense, to the effect that said defendant Levine was uninformed of the contents of the guarantee, is insufficient. The rule applicable here is: “If the signer is illiterate, or blind, or ignorant of the alien language of the writing, and the contents thereof are misread or misrepresented to him by the other party, or even by a stranger, unless the signer be negligent, the writing is void” (Pimpinello v. Swift & Co., 253 N. Y. 159, 163 and cases therein cited). This first defense, as presently pleaded, does not claim that said defendant was ‘ ‘ duped ’ ’ into signing the guarantee as was the case in Pimpinello v. Swift & Co. (supra). The second defense, that by reason of undue and unreasonable delay on the part of the plaintiff to enforce payment the defendant was relieved from liability, is also insufficient (Howe Mach. Co. v. Farrington, 82 N. Y. 121, 131; Douglass v. Ferris, 138 N. Y. 192, 206; Capek v. Demetrowitz, 253 App. Div. 917). The third defense, that the value of the property exceeds the mortgage, with interest, taxes and costs, is also insufficient. The question of value may be contested when and if proceedings under section 1083 of the Civil Practice Act are had subsequent to the sale of the premises herein. In view of the fact that no triable issues are presented, both motions must be granted.