(March 10, 1943.)

Thomas D. Hurley, Respondent, v. Mary A. Hurley, Appellant.

*Per Curiam.* This action, which is grounded in fraud was commenced on September 8, 1941. The parties to the litigation are husband and wife. The complaint charges, in substance, that plaintiff was the owner of certain real property located in the town of Colonie, Albany county, New York, and that defendant demanded that the title to such property be placed in her name to be held by her for their joint benefit. It is also alleged that defendant abused and ill-treated the plaintiff, that she threatened to abandon him unless he made such transfer, and that she stated and represented to plaintiff that if he did transfer the property to her she would be a good wife and make a happy and pleasant home for him.

It is alleged that as a result of the solicitations of defendant to plaintiff, the plaintiff did transfer and convey the property to her in trust for the use, occupancy, maintenance and support of plaintiff and defendant during their joint lives. It is also alleged that defendant, in violation of her representations and agreements, abandoned the plaintiff without cause on May 2, 1941, and that she has since refused to live or cohabit with him. It is also alleged that she has refused to reconvey the property to plaintiff. The relief prayed for is that the deed be declared void and of no effect.

The allegations which defendant has moved to strike out charge misconduct on the part of defendant with reference to their marital life. On a trial plaintiff would be entitled to make proof of those matters. The allegations are material and are not scandalous. Scandalous matter is that which is both immaterial and reproachful. The allegations which defendant criticises are neither irrelevant nor scandalous.

The Statute of Limitations with reference to a fraud action is six years from the time of the discovery of the fraud. Plaintiff discovered the fraud on May 2, 1941, according to the allegations in the complaint. The action was commenced about four months after such discovery. The Statute of Limitations is no bar to the prosecution of this action.

The order should be affirmed with ten dollars costs and disbursements.

Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.

Order affirmed with ten dollars costs and disbursements.

Defendant is given permission to plead to the complaint within twenty days after the service upon her attorney of a copy of the order to be entered hereon.