Jacob Markowitz, J.
Plaintiffs move pursuant to rule 103 of the Rules of Civil Practice to strike out the first affirmative *889 defense upon the ground that it is irrelevant, scandalous and prejudicial, and defendants move for summary judgment dismissing the complaint.
The action is brought for specific performance, permanent injunction, accounting and damage and is based upon a contract of exclusive distributorship. Defendants’ motion is based on the first defense contained in the answer which states that for a period of two and one-half years prior to June, 1958, the plaintiffs, without the knowledge of the defendants, knowingly and willfully conspired to receive, and did receive and distribute a substantial amount of stolen Rokeach food products. The defense is supported by an affidavit made by a former truck driver of a firm manufacturing a food product under defendants’ name under a royalty arrangement and the affiant therein admits certain thefts under an arrangement with the individual plaintiff as receiver.
It is further stated that the affiant pleaded guilty to a charge of larceny and that the matters admitted were confirmed upon investigation by defendants. It is emphasized that plaintiffs have failed to make answer to the charges either upon a prior application for temporary injunctive relief or now. Apart from the need to make answer and to testify against themselves, the lack of merit to plaintiffs’ claim must be conclusively established hy document. This the moving affidavits fail to do. The rule may not be disregarded merely because as defendants believe it is useless to continue the litigation.
With respect to the defense, the plaintiffs urge that the allegations thereof are irrelevant, and, even if the acts constitute a breach of plaintiffs’ contract, they would be provable under a general denial; further, that the alleged misconduct is unconnected with the matter in litigation and consequently the doctrine of unclean hands has no application. The fact that the allegations are scandalous is of no moment if they are material (Ledwith v. Ignatius, 179 Misc. 394, affd. 265 App. Div. 987; Hurley v. Hurley, 266 App. Div. 701). Even if the parties are not in the position of agent and principal, respectively, nevertheless, the alleged procurement of articles which are subject of the distributorship is relevant thereto and to the imposition of any obligation upon the defendant in equity. The acts are not so clearly unrelated to the matters in issue as to require the elimination of the defense.
The motions are denied.