Jacob J. Schwartzwald, J.
In this action for breach of contract, plaintiff as assignee of a resident of Belgium moves pursuant to rule 109 of the Buies of Civil Practice to strike defendant’s affirmative defense contained in the latter’s answer, and defendant cross-moves to dismiss the complaint.
The action involves the assignor, a trader in sugar future contracts, who within two days placed with defendant an order in Europe first to sell, and second, an additional order to purchase. The said assignor, it is alleged, cancelled the purchase order; however defendant through circumstances it could not control was unable to transmit such timely cancellation order to New York, resulting in the breach of contract and alleged damage to movant’s assignor.
For the purpose of this motion, the allegation of the pleaded defense must be deemed to be true. Defendant in its answering memorandum in opposition to this motion states in Point I that “ Plaintiff has shown no sufficient reason why defendant should not have a hearing on this issue ” and “ The question of whether defendant acted with due diligence, * * * presents an issue of fact. Such an issue can properly be disposed of only after trial”. The motion to dismiss the complaint is denied since it is evident that the allegations contained in the defense present a triable issue of fact, the burden of proving which, of course, is upon defendant (Sullivan v. Curtayne, 247 App. Div. 756; O’Donoghue v. Boies, 159 N. Y. 87, 98). For this reason the court concludes that the affirmative defense should not be stricken. "While under a general denial defendant undoubtedly could have shown that there was inter alia no lack of due diligence, nevertheless as Judge Crake said in Morgan Munitions Co. v. Studebaker Corp. (226 N. Y. 94, 98): “Matter which would be sufficient under a general denial loses none of its efficacy by being pleaded as a defense.”
Ordinarily the courts are liberal in the retention of special defenses inserted in an answer, sometimes with an overabundance of caution, for the purpose of making certain the admissibility of evidence on behalf of the defendant (Levine v. Behn, 257 App. Div. 156, revd. on other point 282 N. Y. 120) notwithstanding the matter pleaded is provable under a denial, where the plaintiff will not be prejudiced by the allegations (4 CarmodyWait, New York Practice, pp. 376-377; McKie v. McKie, 72 N. Y. S. 2d 798; Robles v. Robles, 81 N. Y. S. 2d 853). By reason of the foregoing, the court finds no necessity on this motion to go into the question as to whether or not defendant is or is not an insurer, as well as other issues raised herein. The disposition of the issues here presented is “ of such nature and scope as to *919 indicate the propriety of a trial thereof ” (Bollack v. Societe Generate, 293 N. Y. 652, 653). It should not, however, he considered for the reasons indicated that a denial of plaintiff’s motion attaches any more validity to the pleaded defense than that which may he proved upon the trial.
Accordingly the motions are in all respects denied. Settle order on notice.