Fred J. Munder, J.
This is an action for damages allegedly •sustained by reason of the defendant’s unlawful interference with an executed lease agreement between the plaintiffs and a *878 third party. The answer consists of general denials and an affirmative defense by way of justification.
The plaintiffs now move under subdivision 6 of rule 109 of the Rules of Civil Practice to strike out the affirmative defense as being insufficient in law, and further, under rules 104 and 103, as being sham, scandalous and unnecessary. They move also to strike out paragraphs 2 and 3 of the defense as not being in conformity with the General Rules of Pleading, specifically sections 241, 261 and 276 of the Civil Practice Act.
The plaintiffs argue, first, that the affirmative defense is insufficient because it fails in many respects to conform with accepted rules of good pleading, in that it contains allegations that are imperfect and conclusory. But this does not in itself render the pleading dismissible for insufficiency. (Drydock Knitting Mills v. Queens Mach. Corp., 254 App. Div. 568.) Given every fair intendment, I find it to contain a sufficient averment of facts to sustain its sufficiency as a pleading.
It is further contended that the pleading should be stricken for legal insufficiency because it does not contain such “ new matter ’ ’ as would constitute an affirmative defense within the meaning of subdivision 2 of section 261 of the Civil Practice Act. The argument here is (1) that the plea in justification of the alleged acts of interference is based on a completely unrelated agreement, which would in no case justify interference with the subject contract, and (2) that it contains only matter that may be proved under a general denial.
A person is generally privileged to interfere with a contract interest where such interference is made in protection of an equal or superior right. (Ann. 84 A. L. R. 85.) Whether the right here sought to be protected was equal or superior and related or unrelated to the subject of the complaint is a matter to be proved upon the trial. 4 ‘ Persons acting for the protection of contract rights of their own which are of an equal or superior interest to another’s contractual rights may invade the latter with impunity”. (Knapp v. Penfield, 143 Misc. 132, 135.) Further, such a plea in justification is considered an affirmative defense (Wheeler v. Lawson, 103 N. Y. 40) and even though the matter pleaded may be proved under a general denial, where no prejudice results to the plaintiff the courts are loathe to strike it as an affirmative defense (Klein v. Merrill, Lynch, Pierce, Fenner & Beane, 17 Misc 2d 917 and cases therein cited).
Sham means good in form but false in fact. On the motion to strike the affirmative defense as such, the burden is on the plaintiffs to establish the falsity of the allegations. (Municipal Bank v. Parkway Walk Constr. Corp., 224 App. Div. 864.) This *879 burden the movants have failed to sustain. The filing- of a lis pendens in another action which affects a part of the premises here involved is not necessarily proof of the falsity of the defendant’s allegations. Nor, being neither immaterial nor reproachful, can these allegations be considered as scandalous. (Hurley v. Hurley, 266 App. Div. 701.)
Having already determined the sufficiency of the affirmative defense and the propriety of the allegations therein, I will not strike as unnecessary those paragraphs objected to as such.
As to those parts of this motion addressed to paragraphs 2 and 3 of the answer, the form of the denials therein contained, “Denies any knowledge, etc.” is defective. (Jurgens v. Wichmann, 124 App. Div. 531; Capek v. Demetrowitz, 253 App. Div. 917.) In addition, paragraph 3 is defective in that it couples a denial with a purported admission of matter not alleged in the complaint.
The motion therefore is granted only to the extent that paragraphs 2 and 3 are stricken but with leave to the' defendant to serve an amended answer in conformity with sections 241, 261 (subd. 2) and 276 of the Civil Practice Act within 10 days after service of an order hereon, with notice of entry.
Submit order accordingly.