Memorandum. Order unanimously reversed, with $10 costs, and motion granted.
In this small claims action for $300 for work, labor and services, defendant interposed a counterclaim seeking to recover $12,500 alleging, in effect, that plaintiff interfered with its obtaining a subsidy in that amount. The record indicates that plaintiff wrote a letter to the director of the Nassau County Office of Cultural Development airing his views that due to defendant’s poor management, it should not be entitled to receive a subsidy from the county. Plaintiff moved to dismiss the counterclaim. It is from the denial of that motion from which plaintiff appeals.
The issue presented, whether an action lies for interference with a government grant, is apparently one of first impression in this, or any other, jurisdiction.
The tort of interference lay at early common law in England for inducing a servant to breach his contract of employment (see Lumley v Gye, 2 Ellis & Blackburn 216; see, also, Hornstein v Podwitz, 254 NY 443) and was gradually extended to include interference with a reasonably expected economic advantage. (See Katz v Thompson, 19 Misc 2d 848.) One who knowingly interferes with, and thereby causes a loss of, an economic advantage may not be liable therefor if there existed sufficient justification for his acts. (See Burr v Carvel Dari-Freeze Stores, 21 Misc 2d 877.) A person is generally privileged to interfere with a contract interest where such interference is made in protection of an equal or superior right *266 (Cornell v T. V. Dev. Corp., 41 Misc 2d 628; Burr v Carvel Dari-Freeze Stores, supra). The affirmative defense of justification in an action for interference may be more appropriately stated to be a matter of privilege; that is, it may be shown that interference, although it occurred, is privileged by reason of the interests furthered by the conduct (45 Am Jur 2d, Interference, § 27). Protection of the public interest may afford a claim of privilege to acts of interference. The act of interference pursuant to the right of a private citizen to petition a legislative body may be also privileged (45 Am Jur 2d, Interference, § 29; see, also, 84 ALR 43, 82; 26 ALR2d 1227, 1264, § 33). Further, a privilege may extend to a taxpayer who objects to the expenditure of public money. (See Prosser, Torts [3d ed], ch 26, § 123, p 968.)
The counterclaim, reading it most favorably to defendant, involves an alleged interference by a Nassau County resident with a highly speculative subsidy by Nassau County to defendant. In our opinion, to hold that a citizen who petitions an agency of his government not to use public funds in a manner which he feels would not be prudent would be an unwarranted extension of liability for the tort of interference and would severely limit the right of the citizen to petition his government as to his grievances as guaranteed by the First Amendment to the Constitution. Plaintiff’s right to petition his government is privileged and is superior to defendant’s right to maintain an action for interference. Public policy dictates that the tort of interference not be extended to those situations wherein a citizen petitions an agency of his government. Defendant’s counterclaim should, therefore, be dismissed.
Concur: Glickman, P. J., Pittoni and Gagliardi, JJ.