OPINION OF THE COURT
Anthony F. Bonadio, J.
A petition in this proceeding was filed by the Monroe County Department of Social Services which alleges that Regina and Angelique Stevens are children under the age of 18 years who are neglected by John and Carol Foster.
*1014 On October 10, 1979, the respondents, by Bette M. Gould, their attorney, moved this court for an order striking from said petition, statements that the respondent, John Foster, was previously convicted of carnal abuse of a child, on the grounds specified in CPLR 3024 (subd [b]), to wit: that the allegation is "scandalous or prejudicial matter unnecessarily inserted in a pleading.”
Petitioner rests his argument on the language of section 1046 (subd [a], par [i]) of the Family Court Act, which provides that "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent.”
In enacting section 1046 (subd [a], par [i]) of the Family Court Act, the Legislature sought to assist the court in protecting a child before it is abused and, accordingly, proof of abuse of one child was made relevant on the issue of the abuse and neglect of another. (See Matter of Santos, 71 Misc 2d 789.)
However, in the case at bar, we are not concerned with the ultimate admissibility of evidence of prior acts of carnal abuse but rather with the issue of whether these allegations constitute scandalous or prejudicial matter unnecessarily put in the petition and therefore subject to a motion to strike pursuant to CPLR 3024 (subd [b]).
The threshold issue to be addressed is whether the allegation was "unnecessarily inserted”; in essence the material must be relevant. (See Matter of Clemente Bros., 19 AD2d 568, affd 13 NY2d 963.) In light of the purpose sought to be advanced by section 1046 (subd [a], par [i]) of the Family Court Act, this court determines that said allegation is relevant. At the fact-finding hearing the court will hear all of the evidence and determine the weight to assign it.
The court must further find that the allegation in this case is neither scandalous nor prejudicial. Scandalous matter has been defined as that which is immaterial and reproachful (Hurley v Hurley, 266 App Div 701) or which is capable of producing harm without justification (Burr v Carvel DariFreeze Stores, 21 Misc 2d 877). This court finds that the allegation now objected to by respondent is not scandalous in these terms.
Similarly, the court cannot find that the matter is prejudicial, which, in this context, has been defined as follows: "Where under any possible circumstances evidence of the *1015 facts pleaded has any bearing upon the subject matter of the litigation, it will not be stricken”. (Merrick v New York Subways Adv. Co., 14 Misc 2d 456, 460.)
Accordingly, the motion is denied.